BILL SHERWOOD v. THE STATE.

No. 5968.    Decided December 8, 1920.

**1.—Theft of Automobile—Caption of Transcript—Rule Stated.**

In order to be considered, all the proceedings had in the case upon which conviction was obtained must be filed during the term of court shown in the caption, otherwise the trial was had at a term not authorized by law and the appeal must be dismissed. However, where the defect in the transcript was corrected, the case will be heard upon its merits.

**2.—Same—Continuance—First Application—Rule Stated—Alibi—Accomplice.**

Where, upon trial of theft of an automobile, the defendant pleaded an alibi, and the record on appeal showed that this was his first application for continuance to which the rule of cumulative testimony did not apply, and that the accomplice witness placed himself in the attitude of being the purchaser of what he knew to be stolen property, and of manufacturing

88 Tex.—18

testimony and committing perjury, the continuance should have been granted and failure to do so was reversible error.

### 3.—Same—Practice on Appeal—Bills of Exception.

Where, other matters suggested by bills of exception, with reference to the name of the person injured and the duty of the grand jury in ascertaining his name, etc., will not arise upon another trial, it is not necessary to pass thereon.

Appeal from the District Court of Parker.  Tried below before the Honorable F. O. McKinsey.

Appeal from a conviction of theft of an automobile; penalty, nine years imprisonment in the penitentiary.

The opinion states the case

*John L. Poulter, Mays & Mays and Carter & Queen,* for appellant.—On question of overruling application for continuance: Wilson v. State, 18 Texas Crim. App., 585; Adams v. State, 19 id., 12; Irvine v. State, 20 id., 40; Hardin v. State, 52 Texas Crim. Rep., 239; Pearson v. State, 56 id., 610; Johnson v. State, 55 id., 134.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—The caption of the transcript shows that the court convened on the 29th of September, 1919, and adjourned on the 21st day of November thereafter.  The recognizance was entered into on the 24th day of April, 1920. Other papers pertaining to the trial seem to have been filed as if the court had been held in April.  The caption does not so show.  In order to be considered all the proceedings had in the case upon which conviction was obtained must be filed during the term of court shown in the caption, otherwise the trial was had at a term not authorized by law, and the papers do not bear such authentication as to show that the court as set out in the caption tried appellant during the term of court as held.  We suppose that it was an error of the clerk in fixing the dates in the caption.  That is simply a supposition.  Because of want of a proper caption this appeal cannot be entertained. There is nothing before the court to consider because the papers were not filed at a term of court shown to have been held as manifested by the caption.

The appeal will, therefore, be dismissed.

*Dismissed.*

ON REHEARING.

December 8, 1920.

DAVIDSON, PRESIDING JUDGE.—On a previous day of the term the appeal herein was dismissed because of defect in the transcript in regard to the caption. This has been supplied. The conviction was for the theft of an automobile.

The State's case was mainly made by a witness named Line, who testified he bought the auto from appellant in Fort Worth on the 22nd of September, 1919; it had been previously stolen on the night of the 12th of August, 1919; that he had known appellant for quite a while; that appellant came to his father's house where witness was visiting and sold him the auto; that he knew the auto was stolen; that appellant was to sell it to him under the name of Murley, and that the whole transaction was consummated on that basis.

There is no evidence showing that appellant was ever at Springtown, in Parker county, where the auto was stolen, but the witness Line lived there and owned a blacksmith shop. Some time after Sept. 22, Line was found with the auto and the owner had a conversation with him about it. The owner requested Line to tell him where he got the auto. This he declined, and the conversation became heated. He informed the owner, Mr. Shown, that he had been talking a good deal and making trouble about this, and if he did not cease it he would give him, Shown, serious trouble. Shown went away. Line sold the car. Shown sued for and recovered the car. Line testified as a witness in that case. Later Line was indicted for stealing the car and was sent to the penitentiary from Parker County. While in the penitentiary his mother and sister worked assiduously for a pardon and succeeded in getting it, they say, through the assistance of some prominent officials. The pardon was obtained, it seems from the testimony, that he might be used as a witness against appellant for theft of the same auto. This witness testified both in the civil suit and in the prosecution of himself and swore deliberate falsehoods and misstatements. In other words, he committed perjury in both cases, and that his testimony has been changed since he was pardoned. The mother and sister of Line were used as corroborating witnesses to Line's testimony as to the indentity of appellant as the seller of the auto to Line in Forth Worth. No testimony was introduced to show appellant was in Parker County at or near the time when the auto was stolen, and it is to the effect that he was not in that county.

This much is said in order to discuss the refusal of the court to continue on account of the absence of witnesses by whom appellant

expected to prove an alibi on the 22nd of September to meet the State's case that he made the trade. This testimony, if true, would have placed him where it was not possible for him to have made the trade. He introduced some testimony, and especially through his wife, that on that particular day it was her birthday. She was then a young lady but has subsequently married appellant. It was her birthday and she and some friends prepared a lunch and went to Goat Island in Lake Worth about nine or ten miles from Fort Worth and spent the day. There were several in the party She is corroborated to some extent by the jitney driver who carried them to the lake, and by the owner of the steam launch who carried them from the landing out to Goat Island in the lake. Mrs. Beland was one of the party and was with them during the day. This was an outing of pleasure and fishing and incidents of that sort incident to the excursion. Mrs. Beland would have testified it was the birthday of Miss Stine as she was then known, later appellant's wife, and to all the facts and circumstances attending the outing. There was no question that it was the particular day relied upon by the State to show the transaction between Line, and appellant in regard to the sale and purchase of the car. This was the first application for continuance. It is a well settled rule that the first application is not subject to the rule of cumulative testimony. This rule under the authorities seems to apply also to subsequent applications where the witness was the wife of the accused or husband or a near relationship existed. This is predicated upon the idea that the jury might look unfavorably upon the testimony of the wife, which rule would not apply to witnesses who were in no way related or interested. But this was the first application, and Mrs. Beland's testimony would have shown that appellant was not in position to and did not make the trade testified by the accomplice. The State's case depended upon the fact that Line bought the car from appellant on the 22nd day of September. If that fact was eliminated from the record or disbelieved by the jury, the State's case would necessarily fall. We are of opinion that this application presented itself with much more cogency than usual by reason of the fact that the accomplice witness placed himself in the attitude of being the purchaser of what he knew to be stolen property, and assisted in fixing up a case in advance and of manufacturing testimony and then twice deliberately committed perjury in regard to the same matter. We are loath to believe that the jury would convict a man on the testimony of such witness, especially if his testimony was controverted by disinterested witnesses.

There are other matters suggested by bills of exception we have not thought necessary to discuss. One of them is with reference to testimony permitted to go to the jury with reference to an investigation by the grand jury as to the party from whom appellant

may have received the car. He was acquitted of receiving the car and convicted of the theft. Theft was not alleged from an unknown owner as did the count for receiving the stolen car. It charged the reception from some person unknown to the grand jury. That question will be eliminated and the matters referred to will not again occur.

There are other matters that will pass out of the case by reason of an acquittal of receiving stolen property.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*