ARTHUR HUMPHREYS v. THE STATE.

No. 11890.   Delivered June 20, 1928.
Rehearing denied January 9, 1929.

The opinion states the case.

*Taylor, Muse & Taylor* of Wichita Falls, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is the possession of mash for the purpose of manufacturing intoxicating liquor; the punishment confinement in the penitentiary for one year.

The caption fails to show the date of the adjournment of the trial court. Under the decisions of this court the appeal must be dismissed. Yarborough v. State, 273 S. W. 842; Lowery v. State, 244 S. W. 147, and authorities cited.

The appeal is dismissed. Appellant is granted 15 days from this date in which to correct the omission.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION TO RE-INSTATE APPEAL.

LATTIMORE, JUDGE.—At a former term of the court this appeal was dismissed for a defective caption, which defect having been now corrected, the appeal will be re-instated and considered upon its merits.

The State introduced two witnesses who testified that they made a search of appellant's premises and found beer and wine in appellant's cellar, and mash in appellant's chicken house; also a copper coil and a packer with water in it and wine were found in the chicken house. The wine and beer were intoxicating, and the mash was of a kind out of which whisky could be made. Appellant offered no testimony save to recall one of the State witnesses and ask him some further questions.

The record is here upon five bills of exception, numbered as below referred to. Bill of exceptions No. 2 complains of the refusal of the court to postpone or continue the case because of the absence of one of appellant's counsel, and also because of the absence of appellant's wife. As qualified by the court we do not think said bill shows any error. The case had been tried at a former time, and appellant's wife had not been used as a witness; nor do the facts attributed to her seem in contravention of the testimony of the officers. It is further made to appear that appellant was ably represented by two attorneys, one of whom participated in the former trial of the case.

Bill of exceptions No. 3 presents lengthy objections and proceedings relative to the introduction of testimony whose admissibility was dependent upon a search warrant and affidavit, neither of which is set out in said bill. Because of the failure to make them a part of the bill, it would be impossible for us to appraise the soundness of the objections made.

Bill of exceptions No. 4 sets up that when the State witness Walker was put upon the stand he was asked if he went down to search appellant's premises, and if he had a search warrant, and if the paper shown him was the search warrant, all of which were answered in the affirmative, and the State then offered the affidavit and search warrant to go before the court only in order that the court might determine the admissibility of the testimony as to what was found by the officers. The search warrant, or part thereof, is attached to this bill of exceptions and marked exhibit "A." We observe that the affidavit for search warrant is not set out in said bill or by any exhibit attached thereto, nor does said affidavit appear anywhere in the record. Examining the search warrant attached to this bill of exceptions, we are of opinion that same is not open to the objection made. There are some statements shown in the warrant as made in the affidavit which appear to be made on information and belief, but it is further stated that based upon the affidavit of a certain party that he has purchased intoxicating liquor from said Humphreys, and the fact that said Humphreys has the reputation of being a bootlegger, and the warrant proceeds as follows: "Based upon the above stated facts, they do solemnly swear that the said Arthur Humphreys on or about the 28th day of September, A. D. 1927, in said county and state, did keep and was interested in keeping said above described premises, place and property, . . . to be used for the purpose of storing, manufacturing, selling, transporting, receiving, delivering, bartering, etc., intoxicating liquors in violation of the law." We are of opinion that this is a sufficient statement of facts in the affidavit to justify the conclusion reached by the examining magistrate that the affidavit did not rest upon information and belief alone. In the absence of the affidavit it would be impossible for us to determine just what its recitals were. We do not think the court erred in the matters complained of in this bill.

Argument in effect appealing to the jury to enforce the law and stop "this hellish traffic," does not seem of that objectionable character as would call for a reversal of the case. Nor do we think it reversible error to tell the jury in argument that appellant is trying

to slide out under the technicalities of a search warrant, and that his shrewd lawyers know that the only chance they have is to slide this man out on technicalities, and that they are being paid to raise these technicalities. The evidence appears to be plain and convincing. The jury have seen fit to give appellant the lowest penalty.

Being unable to agree that any error appears in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—On his motion for rehearing appellant directs our attention especially to Bill of Exception No. 4 and questions the disposition made of it in our former opinion. We have again carefully examined said bill. It is apparent therefrom that the affidavit upon which the search warrant issued was before the trial court when, in the jury's absence, he was investigating the question whether evidence as to the result of the search was admissible. The following recital is found in said bill:

"The defendant, Arthur Humphreys, now through counsel introduces in evidence the affidavit upon which the purported search warrant and seizure was based."

Further in the bill it is shown that certain objections were urged upon the ground stated that defects appeared in the affidavit. That instrument then being before the trial judge—and not now before us—we must of necessity assume that in the opinion of the trial judge the objections were not tenable and that in overruling them he acted correctly.

Finding no reason to question that correct disposition has already been made of the case, the motion for rehearing is overruled.

*Overruled.*