## GUY HILDEBRAND v. THE STATE.

No. 12887.  Delivered May 28, 1930.
Rehearing denied June 26, 1930.
Reported in 29 S. W. (2d) 774.

The opinion states the case.

*Samuel C. Harris,* of Loraine, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment confinement in the penitentiary for one year.

The caption shows the court to have been convened May 27, 1929, and to have adjourned June 15, 1929. The trial appears to have been held on March 15, 1929, and sentence imposed on March 16, 1929, which was prior to the convening of the term of court as manifested by the caption. The proceedings not appearing to have

been had during the term of court manifested by the caption, the state's motion to dismiss the appeal must be granted. Sherwood v. State, 225 S. W. 1101.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.

#### ON MOTION TO REINSTATE APPEAL.

LATTIMORE, JUDGE.—The caption on the transcript first sent here was defective, and the appeal was dismissed, but said caption has been corrected, and the case will now be considered on its merits.

There are five bills of exception. An indictment is in no way related to or based on the search warrant, but is the act of a grand jury, and the trial court did not err in refusing to quash same herein because of alleged irregularities in the affidavit for search warrant and the warrant itself. There was no error in the court's refusal of a peremptory instruction to acquit. The testimony will be discussed later.

Special charge No. 1 was properly refused, which sought to have the jury told that he should be acquitted unless the place where the liquor in question was found, was under the exclusive control of appellant; nor would the fact that same was found nearer to the premises, or even on the premises of another, require the giving of such peremptory charge. Neither do we think the court erred in refusing to grant a new trial based on the above alleged errors.

The court did not err in refusing to quash the indictment, or the affidavit for search warrant, or the warrant as requested, because of the fact that one of the makers of said affidavit admitted while a witness that when he made same he did not know that appellant had whisky, mash, etc., on his premises,—and had not been on appellant's premises before making such affidavit. Ware v. State, 7 S. W. (2d) 551; Bird v. State, 7 S. W. (2d) 953. The affidavit is not made part of the bill presenting this complaint. Humphrey v. State, 111 Texas Crim. Rep. 272.

When the officers entered appellant's place of business he was seen to pour something out of a square fruit jar. We perceive no error in permitting said officers to testify that they smelled whisky, and

that there were three or four spoonfuls of whisky in said jar when they walked back and took it up. The court correctly refused to tell the jury not to consider the fact of the finding of a half gallon jar of whisky under a platform in the alley back of appellant's place of business, complaint of which action appears in bills of exception 4 and 5.

Mr. Foy owned a building, the east half of which was occupied by appellant as a restaurant, and the west half by Hoy as a produce house. Both used the same rear entrance which opened upon an alley. Officers with a search warrant went to appellant's place. He was seen to walk rapidly from the front of the restaurant to the rear and pour some liquid from a square fruit jar into a slop can. The officers took the fruit jar just had by appellant and testified that it had three or four spoonfuls of whisky in it. They said there was a general odor of whisky in the room. The inference was warranted that there had been more whisky in the jar, and that for some reason appellant wished to dispose of same by pouring it into the slop can. In their search the officers noticed that a small movable platform just in front of the rear door had been moved or slid about. They lifted it and found thereunder another square half gallon fruit jar full of whisky. This jar was like the one from which appellant was emptying its contents when the officers first observed him. The occupant of the other part of the building, Mr. Foy, testified that he did not place the jar of whisky under the platform and knew nothing of it. Appellant did not testify or offer any witness to explain or satisfactorily account for any of the circumstances above referred to. We think the jury justified in concluding that appellant possessed intoxicating liquor for purposes of sale.

No error appearing, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant again insists upon the propositions originally urged. Believing they were correctly decided it is not necessary to further discuss them.

Because of the manner in which this case was tried there seems to be no tangible ground upon which to base a reversal. The trial court was evidently of the opinion that the circumstances occurring in the cafe were not alone sufficient upon which to base a conviction. He therefore instructed the jury regarding the whisky found under the platform at the rear of the building that if it was placed

there by some one other than appellant, and that appellant had no management, care, or control of it, or if the jury entertained a reasonable doubt thereof, they should acquit. The charge contains some things which should have been omitted but no objection was made thereto. We would not be justified in saying that the verdict was unwarranted when the circumstances occurring in the house be considered in connection with finding the whisky under the platform. It may be that neither of the circumstances taken singly would be enough, but when all the evidence in the record is considered together it is thought to conform to the requirements where circumstantial evidence is relied on.

The motion for rehearing is overruled.

*Overruled.*