CARL HIRSCH v. THE STATE.

No. 17592.   Delivered May 22, 1935.
Appeal Reinstated January 29, 1936.

The opinion states the case.

*William H. Scott,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of violating the Tick Eradication Law, and his punishment was assessed at a fine of $25.00.

The caption in the transcript shows that the County Court at Law, No. 2, of Harris County, Texas, convened on the 6th day of August, 1934, and adjourned on the 6th day of October, 1934. It appears that the judgment of conviction was entered upon the 23rd day of November, 1934, and on the 28th day of

November, 1934, the appellant entered into a recognizance on appeal. The preceedings not appearing to have been made during the term of court manifested by the caption, the appeal must be dismissed. See Kiel v. State, No. 17,541, delivered April 24, 1935, not yet reported (page 99 of this volume); Hildebrand v. State, 29 S. W. (2d) 774; Sherwood v. State, 225 S. W., 1101.

It appears from the record that the judgment was entered in vacation and the recognizance was entered into in vacation. Therefore, the appeal is dismissed.

MORROW, P. J., absent.

The foregoing opinion of the Commission of Appeals has peen examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION TO REINSTATE APPEAL.

HAWKINS, JUDGE.—The appeal was heretofore dismissed because an incorrect caption to the transcript made it appear that the judgment of conviction was had at a term of court other than shown by the caption. Upon a motion to reinstate the appeal the error in the caption was corrected. The appeal is reinstated and the cause will be considered on its merits.

Appellant insists that the complaint and information under which he was convicted charges no offense.

The 41st Legislature, 1st Called Session, Chapter 53, page 128, enacted a "Tick Eradication" law, the purpose of which appears to have been to supersede all former laws on the subject. Section 38 of said act reads as follows: "All laws and parts of laws in conflict herewith are hereby expressly repealed. Chapter 122 of the Acts of the Regular Session of the Thirtyninth Legislature and Chapter 165 of the Acts of the Regular Session of the Forty-first Legislature are hereby expressly repealed." The law in question became effective on May 22, 1929, and was the existing law upon which the present prosecution was based.

It is averred in the complaint and information that on September 22, 1934, appellant failed and refused to dip certain cattle, and that prior to the date of the offense alleged and *"prior* to the passage of the *existing tick eradication law,* the Live Stock Sanitary Commission of Texas adopted an order

quarantining and designating" Harris County for tick eradication, and that the Governor of the State had issued a proclamation "declaring *said order* to be in effect," etc. Appellant's criticism of the complaint and information is that from the averments it would appear that the order of the Live Stock Sanitary Commission and the proclamation of the Governor, putting same in effect, was made under a law which had been repealed. There might be some merit in the criticism if it were not for the following provision which we quote from Sec. 33 of the Act of the Forty-first Legislature (1st C. S.), page 153: "All proclamations heretofore issued by the Governor under provisions of any former law designating counties and parts of counties for tick eradication, and also such proclamations quarantining counties and parts of counties because of tick infestation, which are still in effect at the time of the taking effect of this Act, shall continue in full force and effect, unless otherwise provided in this Act, subject to the provisions and penalties of this Act without the issuance of proclamations after the passage of this Act. It is hereby expressly provided that all quarantines heretofore established on counties and parts of counties listed in Section 3 of this Act are hereby released, and in lieu thereof said counties and parts of counties are hereby declared to be quarantined upon the taking effect of this Act as provided in Section 3 hereof. In counties and parts of counties in which quaranties are established or continued and tick eradication designed or continued without the issuance of a proclamation or quarantine notice, as provided in this Act, it shall only be necessary to allege and prove in prosecution that prior to the passage of this Act a proclamation was issued by the Governor for the purpose of tick eradication therein or for establishing said quarantine, and it shall not be necessary to allege and prove the publishing or posting of a notice of said proclamation."

The State's pleading is justified under the saving clause last above quoted, and appears sufficient under the specific terms thereof.

No statement of facts is brought forward.

The judgment is affirmed.

*Affirmed.*