RALPH GILBERT V. STATE

No. 34,208.   February 14, 1962
Motion for Rehearing Overruled March 21, 1962

Appellant represented himself.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is passing as true a forged instrument; the punishment, 5 years.

Mrs. Stockard, an employee of The Fair store in Fort Worth, testified that on the day in question appellant purchased some underclothes and tendered a check in the sum of $75.00 in payment thereof, identifying himself as James Powell; that she asked appellant to accompany her to the manager's office in order for him to approve the check; that he did so and, following a conversation with Mr. Ray, the manager, the check was approved and she delivered the merchandise and more than sixty dollars in change to appellant. She identified State's Exhibit No. 1 as being the check presented to her and testified that some two or three weeks later she attended a lineup at the Fort Worth police department, where she identified appellant from a group of six or seven men.

Cecil Ray testified that Mrs. Stockard and appellant appeared

at his office and tendered State's Exhibit No. 1 for approval; that appellant, upon being questioned, stated that he lived at Aledo, Texas, and was employed by a construction company, presented a driver's license; and that upon the strength of this, plus the fact that appellant was dressed as a construction worker, he approved the check for cashing. He set the date of the transaction as late in the afternoon of October 5 and testified that sometime later he witnessed a lineup at the Fort Worth police department and there identified appellant as the man who had presented the check at his store.

Robert Sayles, a veteran employee of the First State Bank of Tuscola, identified State's Exhibit No. 1 as being a counter check used by his bank which had been altered by the addition of the printed number "7837" and the printed words "Cashier's Check not to exceed $100.00" and the printed word "By" preceding the signature. He testified that his bank had never during his sixteen years of employment issued a cashier's check and that they had no person employed at the bank with a name similar to that appearing on the check in question.

Deputy Sheriff Miller of Parker County testified that she had made an intensive investigation in the vicinity of Aledo and was unable to find any James Powell, Route 1, Box 406, as State's Exhibit No. 1 was endorsed.

Appellant called two witnesses with whom he had worked for a short period of time, who testified as to his reputation, and appellant testified that he did not pass the check in question but was at the time fixed by Mr. Ray in either Cisco or Eastland, Texas, having his automobile repaired. He admitted prior convictions for forgery.

The jury resolved the dispute in the evidence against appellant, and we find it sufficient to support the conviction.

Appellant presented what he denominated a motion to dismiss the indictment, alleging that he had been arrested illegally and that certain property had been unlawfully taken from his custody. The State assured the court that no property taken from the possession of appellant would be offered in evidence, and the motion was by the court overruled. A similar contention was before this Court in Hildebrand v. State, 115 Texas Cr. Rep. 245, 29 S.W. 2d 774, There, we said:

"An indictment is in no way related to or based on the

search warrant, but is the act of a grand jury, and the trial court did not err in refusing to quash same herein because of alleged irregularities in the affidavit for search warrant and the warrant itself."

See also Parker v. State, 142 Texas Cr. Rep. 50, 151 S.W. 2d 205.

At the close of the State's case, appellant asked for a delay so that the sheriff might locate an unnamed witness who worked at a garage in either Cisco or Eastland whom he contended could support his defense of alibi. The court held that sufficient diligence had not been demonstrated, and we agree with such holding.

Finding no reversible error, the judgment of the trial court is affirmed.