Edward Allen MEAD, Appellant,

v.

STATE of Alaska, Appellee.

No. 804.

Supreme Court of Alaska.

Sept. 23, 1968.

Millard F. Ingraham, Fairbanks, for appellant, Edward A. Mead, pro se.

Jay Hodges, Dist. Atty., and Robert H. Wagstaff and William A. Greene, Asst. Dist. Attys., Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

## OPINION

DIMOND, Justice.

This is an appeal from a judgment of conviction of the crimes of burglary, larceny, and possession of a firearm by a person previously convicted of burglary.

Appellant and Robert Maxwell were jointly indicted for the crimes of burglary and larceny. Maxwell moved for and was granted a continuance of his trial. Appellant joined in Maxwell's motion, but a continuance was not granted as to him. Appellant contends that the granting of a continuance as to Maxwell operated as a matter of law as a granting of a continuance as to appellant, since they were jointly indicted, and therefore the court erred in not allowing a continuance as to appellant. Appellant relies on 6 Anderson, Wharton's

Criminal Law and Procedure § 1916 (1957) which states:

> When defendants are jointly indicted, a postponement granted to one operates as a postponement to the others, in the absence of a severance. [Footnote omitted.]

■ At the hearing of Maxwell's motion for a continuance the district attorney, when faced with appellant's request to join in Maxwell's motion, said: "I would definitely oppose Mr. Mead and would ask that we split it up and have two trials and continue with our trial on the 17th." The court then granted Maxwell's motion, but said nothing about a severance. However, there was a severance ordered as a practical matter, because Maxwell's trial was continued and appellant's was not. Since there was a severance, the granting of a continuance of the trial as to Maxwell did not operate as a granting of a continuance as to appellant.

On September 16, 1966, the superior court notified counsel that the trial of appellant's and Maxwell's case was set for October 10, 1966. On September 23, 1966, the court notified counsel that the trial setting had been changed to October 17, 1966. On October 5, 1966, appellant's counsel filed a motion to continue the trial on the ground that appellant would not be prepared to go to trial on October 17. It was stated in the motion that one of appellant's most important witnesses was Thomas W. Burke, who presently was in the State of Illinois, that defense counsel had not yet had a chance to talk to him, and that appellant and his counsel believed that it was necessary to have an opportunity to consult with and secure the testimony of Mr. Burke. This motion was heard by the court on October 12 and denied. The motion was renewed on the day of trial, October 17, 1966, and was again denied. Appellant claims that the trial judge abused his discretion in denying the continuance.

■ We have adopted the general rule that a trial court's refusal to grant a continuance will not be disturbed on appeal un-

less an abuse of discretion is demonstrated.[1] The question here is whether an abuse of discretion has been shown.

On May 24, 1966, appellant was indicted for the crimes for which he was tried. At his arraignment in the district court on May 21, 1966, appellant expressed the wish for time "to seek an attorney". On June 1, 1966, the record shows that appellant appeared before the superior court and requested that he be allowed to wait until he had secured counsel to enter a plea. On August 4, 1966, appellant signed a pauper's affidavit and the court appointed David Call as his counsel. The record does not show what happened to Mr. Call, but on August 30, 1966, Millard Ingraham accepted the appointment to represent appellant.

Appellant's court appointed counsel filed a brief on this appeal which was supplemented by a brief prepared by appellant. In his own brief, appellant alleged that on August 30, 1966, when Mr. Ingraham was appointed by the court to represent him, appellant conferred with counsel in the Fairbanks jail for about an hour and "accomplished very little", that on September 6, 1966, appellant was moved to Anchorage to the Anchorage jail approximately 430 miles from Fairbanks, that on October 14, 1966, appellant was returned to the Fairbanks jail where he was placed in solitary confinement and "deprived of legal books, necessary legal defense papers, phone calls to witnesses informing them of my return, [and] visits from defense witnesses * * *" that from the time of his arrival in Fairbanks on October 14 and the time set for trial on October 17, appellant talked with his counsel, Mr. Ingraham, "less than one minute", and that at no time did the State of Alaska or his court appointed counsel notify appellant that a trial date had been set. In addition, appellant stated that while being held in the Anchorage jail on a charge of federal parole violation, he was informed by the United States Marshal that he would be transferred to a federal institution outside of Alaska for parole violation as soon as the federal parole board had designated an institution for appellant to be sent to. Regarding this aspect of appellant's detention, he said: "Having heard nothing contrary from defense counsel or the state, being away from home and the place of trial, being in Federal custody, and in reliance upon the Marshal's experienced advice, I wrote my defense witnesses in Fairbanks and asked them to forget about my going to trial for at least a year and otherwise released all the loose ends of my state defense."

Appellant's counsel in his brief takes the position that appellant was forced to trial with very little opportunity to confer with counsel or obtain witnesses. He states that during most of the time from the date of appointment of counsel until trial appellant was in Anchorage while counsel was in Fairbanks, that as late as October 5, 1966, twelve days before trial, counsel assumed that the trial would be continued because of a lack of opposition by the state to a motion for continuance made by the jointly indicted defendant, Maxwell, that when the appellant was returned to Fairbanks he was held incommunicado in solitary confinement, and that from October 10 through October 14, 1966, counsel was fully occupied in the trial of a complex civil action.

It is on the basis of these circumstances, as related by appellant and his counsel in their respective briefs, that it is argued that the trial court abused its discretion in not granting a continuance of appellant's trial.

■ We can put aside appellant's allegations, the substance of which is that from the date of indictment on May 24, 1966, until October 14, 1966, he did not expect and had not been informed that he would go to trial on October 17, 1966. Appellant's counsel did know of the trial setting, and knowledge of counsel as to such a matter

1. Gregoire v. National Bank, 413 P.2d 27, 33 (Alaska), cert. denied, 385 U.S. 923, 87 S.Ct. 238, 17 L.Ed.2d 147 (1966).

is imputed to his client and is binding upon him.[2]

We turn, then, to counsel's assertions regarding the necessity for a continuance. Counsel was appointed to represent appellant on August 30, 1966. He was notified on September 16, 1966, that the case would be tried on October 10, 1966, and then was notified on September 23, 1966, that the trial date had been continued until October 17, 1966. Counsel makes a point of the fact that appellant was in Anchorage most of the time while counsel was in Fairbanks, but he does not explain why he was not able to correspond with the appellant in making preparation for trial, or why he was not able to confer with appellant between October 14 and 17 in Fairbanks for a longer period than the brief time they were together on October 14.

Counsel states that he assumed as late as October 5, 1966, that the trial would be continued because of lack of opposition to the motion for continuance made by Maxwell, who had been jointly indicted with appellant. But counsel overlooks the fact that on October 7 the state filed a memorandum in opposition to appellant's motion to continue his trial.

Finally, counsel's engagement in the complex civil litigation during the week prior to October 17 does not constitute a valid excuse for not being prepared to go to trial on October 17, when counsel had been appointed on August 30 and knew of the trial setting in September—thus affording him ample time to make ready for appellant's trial.

■ We cannot find that the trial court acted unreasonably or arbitrarily in denying a continuance of the trial under the circumstances of this case. The fact that counsel did not use the time available to his and appellant's advantage affords no basis for finding abuse of discretion in the trial court's denial of the continuance. If it were otherwise, a trial court would be obliged to continue every case at the defendant's request where defendant's counsel alleged that he was not prepared to go to trial, regardless of how much prior notice he may have had of the trial setting. This could lead to interminable delays in disposing of cases. The ends of justice would not be well served by such an arrangement.

Counsel also contends that because he was forced to trial contrary to his expectations, appellant was deprived of the opportunity to secure the testimony of Thomas Burke by deposition or otherwise. Attached to appellant's motion for a continuance of October 5, 1966, was a handwritten statement purportedly signed by Thomas W. Burke. The gist of this statement was to the effect that Burke had broken into the Fairbanks Medical Clinic at about 11:45 p. m. on May 21, 1966, and had stolen some loose change and some medicine consisting of morphine. This was the same building and the same day that was the scene and the time of appellant's alleged burglary and larceny. Counsel states in his brief that he planned to use Burke's testimony as evidence that it was Burke and not appellant who had committed the crimes of burglary and larceny for which appellant was indicted.

The case against appellant was a strong one. He was apprehended by the police as he left the Fairbanks Medical and Surgical Clinic Building. A search of appellant following his arrest revealed a gun which belonged to one of the doctors at the clinic, a package with "Xylocaine (Lidocaine) Hydrocholoride 2%" written on it in his boot, a box in appellant's coat pocket in which were eight containers marked "morphine sulphate", and a portion of a surgical glove on his wrist. A surgical glove with a portion of it missing was found in the clinic, and the portion of the glove found on the appellant and the portion found in the clinic matched.

■■ In these circumstances we do not believe that it was an abuse of discretion for the trial court to deny appellant's motion for a continuance in order to obtain the testimony of Thomas Burke. Even if the continuance had been granted and the

2. See Hammonds v. State, 442 P.2d 39, 42 (Alaska 1968).

testimony of Burke had been material and admissible, it is highly unlikey that it would have changed the result in light of the direct evidence connecting appellant with the crimes with which he was charged.[3] Furthermore, it has not been shown that appellant or his counsel was diligent in an attempt to secure the testimony of Burke, and this is a factor to be considered in determining whether the trial court abused its discretion in refusing to grant a continuance.[4] The statement that was signed by Burke and attached to appellant's motion for a continuance is not dated, so it does not appear when Burke's existence became known to appellant. Appellant's counsel had about six weeks to prepare for trial and did nothing in that time to secure Burke's testimony.

Closely allied to appellant's claim that a continuance should have been granted because appellant's counsel did not have time to adequately prepare for trial is appellant's further claim that he was denied his constitutional right to effective assistance of counsel guaranteed to him by the sixth amendment to the federal constitution.[5]

In our decision in Anderson v. State[6] we held that one is not deprived of his constitutional right to the effective assistance of counsel unless it is clear on the whole record that the quality of representation at the trial rendered the trial a mockery or a farce.

The record shows that appellant's trial counsel did little cross examination of the state's witnesses, did little objecting to questioning asked of the state's witnesses by the prosecutor or to the introduction of other evidence, presented no opening or closing argument, and offered no jury instructions. But the state's evidence against appellant was of an overwhelming nature pointing to appellant's guilt, and we do not perceive anything that counsel might have done differently so that it could be said that his failure to do so resulted in appellant being deprived of a crucial defense.[7] In reviewing the entire record we do not find that the quality of legal representation at the trial rendered the trial a mockery or a farce. Our study of the record leaves us with the impression that appellant in fact received a fair trial.

In addition to the crimes of burglary and larceny, appellant was indicted for the crime of possession by a person convicted of a felony of a firearm capable of being concealed on his person.[8] All three crimes

---

3. State v. Schaffer, 422 P.2d 285, 288 (Wash.1966); Graham v. State, 275 P.2d 1020, 1023 (Okl.Cr.App.1954); Adams v. State, 385 S.W.2d 857, 859 (Texas Cr. App.1965).

4. McCloud v. Commonwealth, 333 S.W.2d 264, 265 (Ky.1960); Boone v. State, 2 Md.App. 80, 233 A.2d 476, 386 (Ct.Spec. App.1967), rev'd on other grounds, 3 Md. App. 11, 237 A.2d 787 (Ct.Spec.App. 1968); Eslick v. State, 238 Miss. 666, 119 So.2d 355, 359 (1960); State v. Scott, 338 S.W.2d 873, 876 (Mo.1960); Acuff v. State, 172 Tex.Cr.R. 176, 354 S.W.2d 939, 940 (1962), appeal dismissed, Acuff v. Texas, 374 U.S. 491, 83 S.Ct. 1908, 10 L.Ed.2d 1048 (1963).

5. The sixth amendment to the United States Constitution provides in part:
   In all criminal prosecutions, the accused shall enjoy the right to * * * have the Assistance of Counsel for his defense.
   The Alaska constitution, art. I, § 11, provides in part:

   In all criminal prosecutions, the accused shall have the right to * * * have the assistance of counsel for his defense.

6. 438 P.2d 228, 229–230 (Alaska 1968).

7. People v. Ibarra, 60 Cal.2d 460, 34 Cal. Rptr. 863, 386 P.2d 487, 490 (1963); State v. Lopez, 3 Ariz.App. 200, 412 P. 2d 882, 886 (1966).

8. AS 11.55.030 provides:
   A person who has been convicted of a felony, or a misdemeanor involving assault and battery, assault with a dangerous weapon, burglary, robbery and like crimes, by a court in the state, or by the courts of the United States or of another state or territory, may not own or have in his possession or under his custody or control a pistol, revolver, or other firearm capable of being concealed about his person, or carry concealed about his person a knife with a blade over two inches long or a dirk or dagger, slingshot, metal knuckles, or an instrument by the use of which

were charged in separate counts in one indictment and were tried together.[9] Appellant contends that he should have been granted a severance and separate trial of the possession of a firearm count of the indictment.[10] His argument is that because this count was not severed from the other two, the jury had before them in their consideration appellant's guilt on the other two counts the fact that appellant had had a prior conviction of a felony, and this substantially prejudiced appellant.

■ The general rule excludes evidence of prior crimes in a criminal trial because the disallowance of such evidence tends to prevent confusion of issues, unfair surprise, and undue prejudice.[11] But there are exceptions to the rule. Such evidence may be admissible when it is particularly probative in showing such things as intent, an element in the crime, malice, motive, a system of criminal activity, or when the defendant has raised the issue of his character, or when the defendant has testified and the state seeks to impeach his credibility.[12]

Here it was necessary to show a prior conviction in order to prove one essential element of the crime of possession of a firearm by a person previously convicted of a felony. The only question is whether such a showing prejudiced appellant in respect to the other two counts of the indictment so that the count respecting the possession of a firearm should have been tried separately.

■ We do not believe that the danger of prejudice was such as to require us to reverse the judgment and order separate trials. The jury was not informed by the court that the prior conviction was for burglary, as it was. They were merely informed, pursuant to a stipulation entered into between appellant and the state, that appellant was a person who had been convicted of a crime, the conviction of which makes it a crime for a person so convicted to thereafter have in his possession a firearm capable of being concealed about his person. The jury was further told that in view of that stipulation it was necessary for them to consider only the first two elements of the crime, i. e., that appellant had in his possession a firearm and that it was capable of being concealed about his person.

There was nothing inflammatory about the way the prior conviction was presented to the jury. Even acknowledging that it may have had some inherent prejudicial effect, this had to be balanced against the valid governmental interest in the convenience of trying at the same time different crimes against the same person.[13] We doubt that if there was prejudice that it was substantial, in light of the fact that without reference to the prior conviction, the record contains substantial, if not overwhelming evidence pointing to the guilt of appellant of the crimes of burglary and larceny. We find no error in the court's failure to grant a severance and separate trial as to the possession of a firearm count in the indictment.

---

injury could be inflicted upon the person or property of another.

9. Crim.R. 8(a) provides:
Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies, misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

10. Crim.R. 14 provides:
If it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants, or provide whatever other relief justice requires.

11. Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168, 475–476, 93 L.Ed. 168, 173–174 (1948).

12. Spencer v. Texas, 385 U.S. 554, 560–561, 87 S.Ct. 648, 17 L.Ed.2d 606, 612 (1967).

13. Id. at 562, 87 S.Ct. 648, 17 L.Ed.2d at 613.

After being arrested, appellant was taken before a magistrate where the complaint was read to him and his rights as to a preliminary examination explained. Appellant contends that the magistrate erroneously failed to explain to him that he had the right to counsel to be appointed by the court.

The following transpired at the hearing before the magistrate:

The Court: Can you advise me—whether you desire to waive appointment of counsel? Or whether you desire a counsel?

Mr. Mead: —I'd like time to seek an attorney.—

Assuming that appellant had the right to be represented by court-appointed counsel at the time of his appearance before the magistrate, he effectively waived that right by stating that he wanted to obtain an attorney of his own choice.

The judgment is affirmed.