248 So.2d 771

**Ira Kenneth DUNCAN**

v.

**STATE.**

**7 Div. 38.**

Court of Criminal Appeals of Alabama.

May 25, 1971.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

Hubert H. Wright and David B. Carnes, Gadsden, for appellant.

PER CURIAM.

This is an appeal from a conviction by the Circuit Court of Etowah County of robbery with a sentence fixed at ten years imprisonment.

The sufficiency of the evidence to support a conviction is not before this court since the affirmative charge was not requested in the lower court and no motion for a new trial was made. A motion to exclude the evidence was made and later withdrawn. Mims v. State, 23 Ala.App. 94, 121 So. 446; Sharp v. State, 21 Ala. App. 262, 107 So. 228. However, from our study of the record there appears ample evidence to support the verdict of guilty.

In brief the appellant argues error on three propositions: first, that the court erred in overruling motion for continuance of the case; second, that there was error by the court in denying the motion for a psychiatric examination of appellant before trial; and third, the refusal of the court to admit testimony that the grandfather of appellant had been "sent off to Bryce Hospital."

The record shows that appellant was indicted for robbery on September 4, 1968, and his bond fixed at $2500.00. On February 21, 1969, the Honorable David Carnes was appointed to represent him on arraignment on that date, he entered a plea of not guilty and his trial was set for March 3, 1969. On the date of trial appellant filed a motion for a continuance and also a motion for examination by a psychiatrist. The court overruled both motions and the case proceeded to trial. No testimony was offered in support of the motion for a continuance but a letter from a psychiatrist, a Dr. Fiest, was offered in support of the motion for an examination.

■ The minutes of the trial court do not show that a plea of not guilty by reason of insanity was entered at arraignment or at the time of trial, but the plea was referred to by the court and appellant's attorney during the trial. Evidence was offered by appellant bearing on it and the court charged the jury on insanity as a defense. We think, therefore, that this plea was one of the issues presented to the jury. Quinn v. State, 39 Ala.App. 107, 95 So.2d 273.

The granting of an application for continuance is within the discretion of the court and unless it is shown that there has been an abuse of discretion, the judgment will not be reversed. Cases supporting this familiar rule are collected in Alabama Digest, Criminal Law, ☞ No. 586, 1151, 590(2).

■ Appellant argues in brief that his attorneys did not have sufficient time between appointment by the court and trial date to prepare his defense. Under the circumstances shown by the record in the case at bar, we think what was said in Walker v. State, 265 Ala. 233, 90 So.2d 221, is appropriate here, to-wit:

"Nor did the trial court err in refusing to grant the defendant's motion for continuance on the ground of insufficient time where the court appointed attorney had ten days in which to prepare the case before trial. * * * "

We find no abuse of discretion here.

On the date of trial, March 3, 1969, the attorney for appellant filed a motion for psychiatric examination. The court heard the motion in chambers, at which time a statement from Dr. Fiest, a psychiatrist, was introduced on behalf of the appellant. No other evidence was offered and the motion was overruled.

■ §§ 425, 426 and 428, Tit. 15, Code of Alabama, 1940, provided related methods by which the trial court may have an investigation made into the sanity of a defendant before trial. However, the law is clear that the court is under no duty to resort to these methods but simply has the right to seek their aid for advisory purposes when in its discretion it would be helpful. Howard v. State, 278 Ala. 361, 178 So.2d 520; Campbell v. State, 257 Ala. 322, 58 So.2d 623; Aaron v. State, 271 Ala. 70, 122 So.2d 360; Lokos v. State, 278 Ala. 586, 179 So.2d 714.

No error is shown in the ruling denying the motion for psychiatric examination.

While testifying as a witness for appellant, Ira Willard Duncan, appellant's father, was asked the following questions regarding Fred Odom, appellant's natural grandfather:

"Q. What was his name?

"A. Fred Odom.

"Q. All right, sir. And I'll ask you whether or not you knew whether he had ever been sent off to Bryce Hospital?

"A. Yes, sir.

"MR. HENSLEE: We object to that, if the court please.

*    *    *    *    *    *

"THE COURT: I sustain the objection.

"MR. WRIGHT: We except."

A non-expert witness may not testify that a defendant was insane without first giving acts and conduct of defendant and circumstances surrounding him upon which he bases his opinion of his insanity, and must further give evidence of sufficient association with defendant to justify a fair inference as to his opportunity to form such opinion. Wise v. State, 251 Ala. 660, 38 So.2d 553; Smarr v. State, 260 Ala. 30, 68 So.2d 6.

The record does not show any effort to qualify the witness to testify as to any insanity of Fred Odom, the grandfather of appellant. The court did not err in sustaining objection to this testimony.

The record is free of reversible error and the judgment in this cause is due to be affirmed.

The foregoing opinion was prepared by W. J. Haralson, Supernumerary Circuit Judge, and adopted by this court as its opinion.

Affirmed.