Theresa **SULLIVAN**, Appellant,

v.

**STATE** of Alaska, Appellee.

No. 1530.

Supreme Court of Alaska.

May 4, 1973.

Ronald G. Birch, of Birch & Jermain, Anchorage, for appellant.

Robert L. Eastaugh, Asst. Dist. Atty., Seaborn J. Buckalew, Jr., Dist. Atty., Anchorage, John Havelock, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, ERWIN and BOOCHEVER, JJ.

CONNOR, Justice.

Theresa Sullivan appeals from a judgment of guilty of larceny from a person entered June 4, 1971, by the superior court, pursuant to a jury verdict. Her appeal raises questions concerning the adequacy of her legal representation at trial.

During the early morning hours of February 10, 1971, one Duane Parks had his wallet taken from his rear pocket by a woman in the Nevada Tavern and Cafe, 1313 Gambell Street, Anchorage. This woman he later identified as appellant Sullivan. A struggle to recapture the wallet ensued, during which Sullivan appeared to pass it to another woman, whom Parks later identified as Renae Leona Lee. On March 23, 1971, appellant and Lee were indicted for larceny from the person in violation of AS 11.15.250.

Following their arrest, Sullivan and Lee were arraigned together on March 30,

1971. Attorney Wendell Kay of the firm Kay, Miller, Libbey, Kelly, Christie & Fuld appeared on both their behalf. On April 7, 1971, the co-defendants pleaded not guilty. Attorney William Fuld, also of the above law firm, appeared as their counsel on this occasion and represented them both throughout the proceedings, until the conclusion of the trial. Mr. Fuld was privately retained by Sullivan and Lee. He was not appointed by the court.

On April 9, notice was sent to Mr. Fuld that trial had been set for May 10, 1971. On April 12, Fuld moved for a bill of particulars, which was answered on May 3. On April 23, he moved for a continuance. Fuld being unable to attend the April 28 hearing on this motion, Attorney Robert Libbey, another member of the firm, appeared for the defendants.

In the course of that hearing, the district attorney opposed a continuance on the grounds that the victim, Parks, was a soldier due to rotate his assignment, and thus be removed from the jurisdiction, within a very short period. In fact, the district attorney was mistaken. Parks was not in the armed forces, was not due to rotate, and had never made any such representations to the district attorney's office.[1] The court denied the motion, but without making reference to the district attorney's opposition. Instead, the court cited Mr. Fuld's sole request on April 7 for merely five days in which to move for a bill of particulars, observing that Fuld had had a "fair chance to make his motions" and that the proposed bill of particulars covered essentially evidentiary matters.

On May 10, immediately before trial was scheduled to commence, Mr. Fuld renewed his motion for continuance, arguing that his schedule had been so pressing that he had not even had an opportunity to consult with his clients. Again the motion was denied,[2] but the court accommodated Mr.

---

1. This error was not uncovered until trial on May 11, 1971.

2. On this occasion the court did specifically refer to the district attorney's mistaken information that Parks was scheduled to rotate.

Fuld, at the suggestion of the prosecutor, by limiting the day's proceedings to selecting the jury. On May 11, at 8:15 a. m., trial commenced. Mr. Fuld made an opening statement without futher request for continuance.

In·the course of the trial, the defense took the position that Lee was not at the scene of the larceny on the night in question and that while Sullivan was in the Nevada Tavern and Cafe at the time the larceny occurred, she took no part in it and had been mistakenly identified by Parks. Both defendants took the stand. Sullivan's testimony tended both to place her at the scene of the crime (although not as a participant in it) and to confirm Lee's alibi.

On May 12, after the close of evidence, Mr. Fuld moved for a mistrial as to one or the other defendant on the grounds that a "definite potential conflict" existed between them making it impossible for him to argue effectively for both. The court denied the motion.

The jurors were instructed to consider each defendant separately. They returned a verdict of not guilty for Lee and a verdict of guilty for Sullivan.

I

■ Appellant's first contention on appeal is that the trial court abused its discretion in failing to grant a continuance. She argues that the prosecutor's misrepresentation that Parks was soon to leave the jurisdiction was insufficient reason for denying continuance, and that as a result of the denial Mr. Fuld was given inadequate time to prepare for her defense.

We disagree. Mr. Fuld was aware of the May 10 trial date from April 21, 1971. He knew on April 28, 1971, that his motion for continuance had been denied. Thus at the very least he had thirteen days in which to prepare the defense. The case was relatively simple. Only three witnesses were called by the prosecution. Aside from the co-defendants, only one witness was called by the defense.[3]

■ Alaska subscribes to the general rule that a trial court's refusal to grant a continuance will not be disturbed on appeal unless an abuse of discretion is demonstrated.[4] Appellant cites us to Doe v. State, 487 P.2d 47 (Alaska 1971) and Klockenbrink v. State, 472 P.2d 958 (Alaska 1970), in which this court reversed the trial court's denials of motions for continuance. In both of these cases the defendants had a much shorter time to prepare than in the present case. In *Klockenbrink,* counsel had a maximum of five days to prepare, and in *Doe* counsel had merely four days, including a weekend, to prepare. We are of the opinion that thirteen days was quite sufficient a period for Mr. Fuld to prepare the defense, especially considering the relative simplicity of the case.[5]

■ Because we are satisfied with the adequacy of the thirteen day period, we do

---

3. Mr. Fuld declined the court's offer on the second day of trial of additional time to subpoena and call any other witnesses.

4. Mead v. State, 445 P.2d 229, 230–231 (Alaska 1968), cert. denied, 396 U.S. 855, 90 S.Ct. 117, 24 L.Ed.2d 104 (1969).

5. We note that numerous cases have ruled that periods of eleven to thirteen days were sufficient to prepare for trial. *See,* e. g., Kroll v. United States, 433 F.2d 1282 (5th Cir. 1970), cert. denied, 402 U.S. 944, 91 S.Ct. 1616, 29 L.Ed.2d 112 (1971) (12 days) (securities fraud); United States v. Eagleston, 417 F.2d 11 (10th Cir. 1969) (13 days) (transport of stolen goods interstate); Duncan v. State,

46 Ala.App. 732, 248 So.2d 771 (Ala. Crim.App.1971) (11 days) (robbery).

Appellant cites only one case holding that a period longer than thirteen days was insufficient time for trial preparation, People v. Kenzik, 9 Ill.2d 204, 137 N.E. 2d 270 (1956). That case is distinguishable. The defendant there had been charged with first-degree murder. The purpose of the requested continuance was to find witnesses whose names and work addresses were known, but whose home addresses were not known. In addition, some of the witnesses lived out-of-state. In the case at bar, by contrast, the charge and possible penalty were far less serious, there were relatively few witnesses, and all resided within the city of Anchorage.

not think that the court's reliance on the district attorney's erroneous statement of Parks' military status requires a reversal. In *Klockenbrink* we were guided by People v. Solomon, 24 Ill.2d 586, 182 N.E.2d 736 (1962):

"The granting of a continuance to permit preparation for a case, or for the substitution of counsel, necessarily depends upon the particular facts and circumstances surrounding the request, and is a matter resting within the sound judicial discretion of the trial court . . . . Before a judgment of conviction will be reversed because of the denial of such a motion, it *must appear that the refusal of additional time in some manner embarrassed the accused in preparing his defense and prejudiced his rights.*" 182 N.E.2d at 738. [Citations omitted, emphasis added.]

In *Doe* we said:

"Although in the case at bar, unlike the case of Klockenbrink v. State, supra, no particular instance of prejudice was *shown to have resulted from the shortness of time between charge and trial,* we believe the added circumstance in this case that appellant's counsel had the other case to prepare, distinguishes this case sufficiently from *Klockenbrink* that *we may presume that appellant's case was prejudiced.*" 487 P.2d at 57. [Emphasis added.]

Therefore, before we can reverse, we must be able to say that appellant has been prejudiced by the denial.

Appellant makes no claim that the misrepresentation was intentional. Conceding that the court's refusal to grant a continuance was based on a mistake of fact and that it inconvenienced Mr. Fuld, we are nevertheless unable to conclude that appellant's case was prejudiced thereby. The inescapable fact is that counsel was given an adequate time in which to prepare.[6] As we said in Mead v. State, 445 P.2d 229

(Alaska 1968), cert. denied, 396 U.S. 855, 90 S.Ct. 117 (1969):

"The fact that counsel did not use the time available to his and appellant's advantage affords no basis for finding abuse of discretion in the trial court's denial of the continuance. If it were otherwise, a trial court would be obliged to continue every case at the defendant's request where defendant's counsel alleged that he was not prepared to go to trial, regardless of how much prior notice he may have had of the trial setting. This could lead to interminable delays in disposing of cases. The ends of justice would not be well served by such an arrangement."[7] 445 P.2d at 232.

II

Appellant's second contention on appeal is that the court erred in denying Mr. Fuld's motion for mistrial after the close of evidence. She argues that Article I, Section 11, of the Alaska Constitution guarantees an accused the right ". . . to have the assistance of counsel for [her] defense" and invokes Thessen v. State, 454 P.2d 341, 352 (Alaska 1969), cert. denied, 396 U.S. 1029, 90 S.Ct. 588, 24 L.Ed.2d 525 (1970); Mead v. State, 445 P.2d 229, 233 (Alaska 1968), cert. denied, 396 U.S. 855, 90 S.Ct. 117 (1969); Anderson v. State, 438 P.2d 228, 230 (Alaska 1968) for the gloss that this guarantee "means that such assistance must be effective." Effective assistance was denied her, she claims, because under the circumstances of this case, it was impossible for Mr. Fuld adequately to represent both appellant and her co-defendant.

■ In Anderson v. State, 438 P.2d 228, 230 (Alaska 1968) we read "effective assistance" to describe a procedural requirement as distinguished from a standard of skill. Unless counsel's conduct is "so incompetent as to deprive his client of a trial in any real sense—render the trial a mock-

---

6. See note 5, *supra*.

7. We do not imply by this citation that Mr. Fuld failed to use the available time to his and appellant's advantage.

ery and a farce . . . ." this court will not reverse.[8] Appellant concedes that her trial was not a mockery or farce within the guidelines of *Anderson*. She attests that Mr. Fuld did a competent and workmanlike job for both of his clients.

We are satisfied from reading the record that Mr. Fuld conducted a vigorous defense and that any claimed errors in judgment on his part do not support the inference that he was ineffective counsel. Furthermore, with regard to any conflict of interest, he voiced no objection to the difficulty of arguing effectively for both clients until all the evidence had been taken. Yet the conflict between his clients, if it existed at all, was present from the beginning of the case. In effect appellant argues for a rule that would enable an attorney representing co-defendants in a single prosecution to present his proofs and then move for a mistrial if he were dissatisfied with the case he had presented. We are unwilling to adopt such a rule.

Our research has uncovered a line of cases, having its genesis in Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L. Ed. 680 (1942), which holds that courts may not foist upon a defendant counsel who is also responsible for the defense of a co-defendant.[9] Glasser was charged with accepting bribes while he was a United States Attorney in charge of prosecuting violations of the Volstead Act in Illinois. The trial court appointed counsel obtained by Glasser to undertake the additional burden of defending a co-defendant who was without counsel. Glasser object-

ed. In reversing Glasser's conviction the United States Supreme Court said:

"... [T]he Sixth Amendment contemplates that such assistance [of counsel] be untrammeled and unimpaired by a court order requiring that one lawyer shall simultaneously represent conflicting interests." 315 U.S. at 70, 62 S.Ct. at 465.

The instant case is distinguishable from the *Glasser* situation. Here counsel was privately retained by appellant and her co-defendant. Thus neither Sullivan nor Lee was forced to share her counsel with a co-defendant. If either had wished to secure the services of individual and exclusive counsel, she could have retained another attorney or, upon proper showing of indigency to the court, could have had separate counsel appointed for her.

We do not announce a rule arbitrarily foreclosing from relief all co-defendants who retain the services of a single counsel. However, before reversing on the grounds of deprivation of effective assistance of counsel, we must be satisfied that an appellant has been prejudiced by an actual conflict of interest between himself and his co-defendant.[10] In the case before us, Mr. Fuld could articulate no more than a feeling of "definite potential conflict" between his clients. This, without more, does not convince us that reversal is warranted.

Affirmed.

FITZGERALD, J., not participating.

8. See also Condon v. State, 498 P.2d 276, 285 (Alaska 1972) ; Dimmick v. State, 473 P.2d 616, 618 (Alaska 1970) ; White v. State, 457 P.2d 650, 653 (Alaska 1969).

9. *See* People v. Douglas, 61 Cal.2d 430, 392 P.2d 964 (1964), vacated and remanded,

372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), reh. denied, 373 U.S. 905, 83 S.Ct. 1288, 10 L.Ed.2d 200 (1963).

10. *See* State v. Miguel, 485 P.2d 841, 843 (Ariz.App.1971).