Andrew C. HORTON, Appellant,

v.

STATE of Alaska, Appellee.

No. A–1605.

Court of Appeals of Alaska.

July 8, 1988.

Paul E. Malin, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Cynthia M. Hora, Office of Sp. Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS, J., and KATZ, Superior Court Judge.*

### OPINION

COATS, Judge.

Andrew C. Horton was convicted, following a jury trial, of four counts of sexual abuse of a minor in the first degree, AS 11.41.434(a)(2)(B), and two counts of sexual abuse of a minor in the second degree, AS 11.41.436(a)(3)(B). Superior Court Judge Rene J. Gonzalez sentenced Horton, a third felony offender, to the presumptive twenty-five-year sentence on each conviction for sexual abuse of a minor in the first degree, and to the six-year presumptive sentence on each conviction for sexual abuse of a minor in the second degree. Judge Gonzalez imposed these sentences to run concurrently to each other. Thus, Horton faces a twenty-five-year presumptive sentence. Horton appeals his conviction and sentence.

### FACTUAL BACKGROUND

Andrew Horton and his wife Linda were divorced in 1980. After the divorce, Horton had custody of the couple's son, A.H., and his two stepdaughters, D.W. and P.W.

D.W. and P.W. were Linda's children from a previous marriage. Horton was charged with engaging in numerous sexual acts with D.W. and P.W. during the summer of 1984. D.W. and P.W. were thirteen and twelve years old, respectively, at the time of these alleged offenses.

### HORTON'S REQUEST FOR A COURT TRIAL

On the morning of trial, Horton tried to waive his right to a jury trial. Horton indicated that he wanted to be tried by Judge Gonzalez, sitting without a jury. The state, however, refused to consent to a court trial. Judge Gonzalez concluded that the language of Alaska Criminal Rule 23(a) required the state's consent for a court trial. Horton was therefore tried by a jury. Horton argues on appeal that Judge Gonzalez erred in refusing to grant his request for a court trial. He argues that Judge Gonzalez had discretion to grant a court trial under Criminal Rule 53, which allows the court to relax the criminal rules, and that Judge Gonzalez erred in not recognizing that he had discretion to order a court trial. *See Cano v. Anchorage,* 627 P.2d 660, 664 (Alaska App.1981) (to properly exercise discretion the court must recognize the alternatives available).

Criminal Rule 23(a) provides:

*Trial by Jury.* Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the state.

The rule seems to provide that the state must consent before the defendant may have a court trial. Furthermore, Federal Rule of Criminal Procedure 23(a) is essentially identical to the Alaska rule. The constitutionality of the federal rule was upheld in *Singer v. United States,* 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965). The *Singer* court concluded that there was no constitutional impediment to requiring the defendant to have a jury trial when the defendant requested a court trial, but the

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

government refused to give its consent. The court stated:

> In light of the Constitution's emphasis on jury trial, we find it difficult to understand how the petitioner can submit the bald proposition that to compel a defendant in a criminal case to undergo a jury trial against his will is contrary to his right to a fair trial or to due process. A defendant's only constitutional right concerning the method of trial is to an impartial trial by jury. We find no constitutional impediment to conditioning a waiver of this right on the consent of the prosecuting attorney and the trial judge when, if either refuses to consent, the result is simply that the defendant is subject to an impartial trial by jury—the very thing that the Constitution guarantees him.

*Id.* at 36, 85 S.Ct. at 790.

In *Singer*, the court recognized that there might be some cases where requiring the defendant to undergo a jury trial might result in denying the defendant the right to an impartial trial. *Id.* at 37–38, 85 S.Ct. at 791. Furthermore, Alaska Criminal Rule 53 provides additional authority for relaxation of the rules where necessary to advance justice.[1] At trial however, Horton did not present any reason why he should not be required to have his case tried by a jury other than that he preferred a court trial. Horton never argued in the trial court that strict adherence to Criminal Rule 23 would be so unfair that the court should use its authority to relax the rules under Criminal Rule 53. Under these circumstances, Judge Gonzalez did not err in following Criminal Rule 23(a).

## ADMISSION OF OUT OF COURT STATEMENTS OF D.W. AND P.W.

Horton next argues that Judge Gonzalez erred in allowing several witnesses to testify to out of court statements made by D.W. and P.W. concerning the sexual abuse. D.W.'s friend, Margaret, was the first witness for the state. Margaret testified that in September of 1984, D.W. told her that Horton was sexually abusing her. Crystal and Tonia, two of D.W.'s other friends, testified that they were present when D.W. made this report of sexual abuse. The three girls advised D.W. to talk to Officer James Rehmann, who was a liaison police officer at the school.

Officer Rehmann testified next. Officer Rehmann testified that on September 22 or 23, 1984, D.W. told him that Horton had sexually assaulted her. He also described some of the circumstances of the offense, as related to him by D.W. Officer Rehmann testified that he informed his supervisor, Investigator Steven Warner, of D.W.'s complaint on September 25. Investigator Warner testified that he conducted interviews with D.W. and P.W. Both girls told him that Horton was sexually abusing them. Investigator Warner also described some of the circumstances which the girls related to him concerning the offenses. In particular, he testified that D.W. told him that Horton had been abusing her since she was five or six years old. Following Investigator Warner, L.W., the mother of D.W. and P.W., testified that her daughters told her that Horton had been sexually abusing them. D.W. and P.W. testified next, describing the alleged incidents of sexual abuse. The next witness was the defendant's son, A.H. A.H. testified that he witnessed one of the acts of sexual abuse. The final state's witness was Dr. Lou Ann Feldman, a specialist in family practice. Dr. Feldman testified that D.W. and P.W. told her that Horton had been sexually abusing them for some time and related some details of the sexual abuse. She also related her findings from the physical examination of D.W.

On appeal, Horton argues that the testimony of the witnesses who related statements by D.W. and P.W. was inadmissible hearsay testimony. He cites *Nitz v. State*, 720 P.2d 55 (Alaska App.1986). He claims that the repetition of the testimony of D.W.

1. Criminal Rule 53 provides:
   These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by the court in any case where it shall be manifest to the court that a strict adherence will work injustice.

and P.W. by several witnesses, particularly the witnesses whose testimony might have been given particular weight by the jury, such as the police officers and the physician, was unduly prejudicial. *See id.* at 61, 71.

The state argues that Horton did not properly object to any of the testimony that he now challenges on appeal. The state therefore contends that this issue is only reviewable as plain error. Horton points out that he did object to the testimony of the first witness, Margaret. He argues that Judge Gonzalez's ruling on his objection foreclosed him from making objections to the testimony of the witnesses who testified later in the trial. Judge Gonzalez gave Horton an opportunity to explain his objection outside the presence of the jury. In making his objection, Horton conceded that a witness could testify that an alleged victim reported to them a complaint of sexual abuse. He objected, however, to the witness relating any details of the complaint. Judge Gonzalez agreed with Horton that the prosecution should not be allowed to elicit the details of the complaint.

■ We do not believe that Judge Gonzalez's ruling foreclosed further objections by the defense on any ground. We consequently conclude that Horton did not preserve the objection that the testimony of the witnesses who related statements by D.W. and P.W. was inadmissible hearsay testimony forbidden under *Nitz.* Accordingly, we would reverse on this issue only if admission of the testimony amounted to plain error.

■ We find plain error only if the error is obvious and prejudicial. Alaska R.Crim.P. 47(b); *Van Hatten v. State,* 666 P.2d 1047, 1056 (Alaska App.1983). D.W.'s friends, Margaret, Tonia, and Crystal, merely reported D.W.'s original complaint of sexual abuse. The young girls gave no details of any sexual abuse. Their testimony seems to be admissible as a first complaint under *Greenway v. State,* 626 P.2d 1060, 1060–61 (Alaska 1980). The testimony of Margaret, Tonia, and Crystal, therefore appears to be admissible even in the face of a proper objection. The testimony of the other witnesses is more problematical. The state concedes that the testimony of L.W. concerning her children's statements of sexual abuse would have been error had Horton properly objected.

In *Nitz,* we referred to the particular prejudicial effect which could result from admission of hearsay statements of alleged victims of sexual assault as follows:

> [W]here a parade of witnesses is allowed to offer evidence of prior consistent statements before the victim testifies and is impeached, the jury may be tempted to substitute the credibility of the third-party witnesses for the credibility of the victim. Because the third-party witness will often be viewed as accepting—either implicitly or explicitly—the facts asserted in the victim's prior statements, allowing them to testify and to present evidence of the prior statements out of order—before the jury is able to discern that the legitimate purpose of the evidence is to counter an attack on the victim's credibility—openly invites the jury to accept the witness' view of the victim's credibility before the victim even testifies. This class of prejudice is particularly great and is particularly susceptible to abuse in cases such as the present one: here, the evidence of guilt consisted almost entirely of the testimony of an unsophisticated and relatively inarticulate child; her prior statements were presented to the jury through a series of articulate adult witnesses, whose ranks included credentialed professionals with extensive experience in dealing with sexual assault cases.

*Id.* at 70–71.

■ In the instant case, unlike *Nitz,* we are convinced that the hearsay statements of D.W. and P.W. had little impact on the case. P.W. and D.W. both testified. They were ages twelve and thirteen. Although the testimony which they gave was not extensive, it is clear that they were competent witnesses and that the jury was able to judge their credibility. D.W. and P.W. were not young children whose testimony was presented to the jury through the testimony of other witnesses. Furthermore,

the testimony of D.W. and P.W. was corroborated by the testimony of A.H., Horton's son, who testified that he witnessed Horton having sexual contact with D.W. From our review of the record, we are convinced that the jury convicted Horton based upon the testimony of D.W., P.W., and A.H., rather than based on the repetition of the reports of sexual abuse by third-party witnesses. Accordingly, we do not find plain error.

## EVIDENCE SUPPORTING COUNTS IV AND VII

█ Horton next argues that the evidence was insufficient to support a conviction on Counts IV and VII. Count IV charged Horton with sexual penetration (cunnilingus) of D.W. The indictment charges that the contact occurred during the period from June 1984 through September 1984. Count VII charged Horton with sexual penetration (genital intercourse) with D.W. during September 1984. Horton contends that D.W.'s testimony was insufficient to establish when these offenses occurred. Horton never raised these issues during the trial; he never moved for a judgment of acquittal based on this contention. We therefore review this issue for plain error.

D.W. never testified precisely when these two incidents of sexual abuse allegedly occurred. We believe that when her testimony is looked at in context, however, it is sufficient to establish that an act of cunnilingus occurred during the summer of 1984 and that the act of intercourse occurred during or near September 1984. Furthermore, we recognize that the state must be given considerable leeway in charging the time that sexual activity with a minor occurred. *See Covington v. State,* 703 P.2d 436, 440–41 (Alaska App.), *modified on other grounds,* 711 P.2d 1183 (Alaska App.1985). It does not appear that Horton was prejudiced by any lack of precision in testimony concerning the dates of the alleged abuse. We do not find plain error.

## DOUBLE JEOPARDY

█ Horton next contends that allowing separate convictions for Counts I and VI violated his federal and state guarantees against double jeopardy. Count I charged Horton with genital contact with D.W. Count VI charged Horton with digital penetration of D.W. Horton claims that because the two offenses occurred in a single episode, separate convictions and sentences on Counts I and VI violated the constitutional prohibitions against double jeopardy. U.S. Const. amend. V; Alaska Const. art. I, § 9.

In *Oswald v. State,* 715 P.2d 276 (Alaska App.1986), the defendant digitally penetrated a minor female and then shortly thereafter had genital intercourse with her. He was convicted of two offenses, one for the digital penetration, and the other for genital intercourse. We concluded that Oswald could only be convicted for one offense under those facts. We concluded that the two sexual offenses constituted one continuous assault and that only one conviction and one sentence was appropriate.

The state concedes that the record is ambiguous as to whether Counts I and VI arose at the same time and as a single incident, or whether two separate incidents occurred. The state argues that because Horton did not object at trial, Horton must establish plain error. Because the record is ambiguous, the state contends that Horton cannot establish plain error.

█ The state is correct that it is impossible to tell from D.W.'s testimony whether Counts I and VI were based on sexual acts which occurred at the same time or on different days. Because the issue involves Horton's constitutional right to protection against double jeopardy, which is ordinarily not forfeited by a failure to raise an objection at trial, however, we conclude that the burden is on the state to show that Counts I and VI involved separate acts. The state has the burden of proving each offense beyond a reasonable doubt. As a policy matter, we conclude that when the record is ambiguous as to whether the defendant committed one offense or two, the defend-

ant should prevail. Accordingly, we find that Counts I and VI merge. Horton should be sentenced on only one of those charges. The state may elect which conviction and sentence should stand. We therefore reverse and remand on this issue.

### SENTENCE

 Horton next claims that his sentence was excessive. Horton had three prior felony convictions, all for burglary not in a dwelling. Horton was forty-one years old at the time of sentencing. His first felony conviction for burglary arose out of an incident in 1961, when Horton was eighteen years old. The second burglary took place in 1965. The third conviction took place in 1976. Horton was sentenced to five years with two years suspended on the 1976 charge.

Horton is a third felony offender for presumptive sentencing purposes. *See Griffith v. State*, 653 P.2d 1057, 1058 (Alaska App.1982). He is subject to presumptive terms of twenty-five years on each of the unclassified felonies of sexual abuse of a minor in the first degree. AS 12.55.-125(i)(4). On the two convictions for sexual abuse of a minor in the second degree, class B felonies, the presumptive term is six years. AS 12.55.125(d)(2). At his sentencing hearing on May 6, 1986, Horton argued that his case should be referred to the three-judge panel. AS 12.55.165–.175 Horton argued that it would be manifestly unjust to fail to consider, as a nonstatutory mitigating factor, the fact that Horton's prior crimes were property crimes and were remote in time. Second, Horton argued that, even if all the sentences were run concurrently, the imposition of the twenty-five year presumptive sentence would be manifestly unjust.

In sentencing Horton, Judge Gonzalez concluded that it would not be manifestly unjust to sentence Horton to the twenty-five-year presumptive term. He rejected Horton's proposed nonstatutory mitigating factor. Judge Gonzalez emphasized the seriousness of Horton's current offenses, which involved two separate victims who received severe psychological injury which

would require substantial counseling. Judge Gonzalez also concluded that Horton was a poor candidate for rehabilitation. In reaching this conclusion, Judge Gonzalez considered Horton's long-term problem of alcohol abuse and Horton's apparent lack of interest in dealing with the problem. Judge Gonzalez also emphasized Horton's prior record which involved three prior convictions for felonies. We conclude that these factors support Judge Gonzalez's decision to impose the twenty-five-year presumptive term. Accordingly, we conclude that Judge Gonzalez's decision to not refer this case to the three-judge panel was not clearly erroneous and that the sentence was not clearly mistaken.

This case is REMANDED for reconsideration and resentencing consistent with this opinion.

SINGLETON, J., not participating.