**Paul A. TALLENT, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–6267.**

Court of Appeals of Alaska.

Dec. 26, 1997.

Order Denying Rehearing Jan. 26, 1998.

Suzanne Weller, Assistant Public Defender, and Barbara K. Brink, Public Defender, Anchorage, for Appellant.

William H. Hawley, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, C.J., and
MANNHEIMER and STEWART, JJ.

*OPINION*

MANNHEIMER, Judge.

Paul A. Tallent was convicted of second-degree theft under AS 11.46.130(a)(6)(C). This statute provides that a theft of between $50 and $500—an offense that would normally be third-degree theft—constitutes second-degree theft if the defendant has been convicted of similar thefts twice before in the preceding five years. Tallent's appeal raises two issues, both involving the question of whether the jury should have been informed of his prior convictions.

The first issue is whether the existence of a defendant's prior theft convictions is an element of the offense of second-degree theft under AS 11.46.130(a)(6). Tallent argues that the defendant's prior convictions are not an element of the crime but are, instead, simply a factor that enhances the defendant's sentence. Accordingly, Tallent argues that the existence of his prior convictions was an issue for the court, not the jury. As explained below, we reject Tallent's construction of the second-degree theft statute; we conclude that the existence of a defendant's prior convictions is an element of the offense.

The second issue is whether, even though the existence of prior convictions is an element of the offense, the trial judge is nevertheless empowered to keep this element of the offense from the jury if (1) the defendant offers to stipulate to the prior convictions and (2) the defendant agrees to waive jury trial on this element. We conclude that we need not resolve this issue. Even though Tallent's trial judge handled the matter of the prior convictions in a different way, the way chosen by the trial judge was proper and did not prejudice Tallent.

*Facts of the case*

On October 31, 1995, Paul Tallent was in an Anchorage Sears store. A store security guard was watching Tallent on a surveillance video monitor. The security guard observed Tallent grab an object from the perfume counter and then walk out of the store. The security guard and a companion followed Tallent to a gas station across the street, where they confronted him. Tallent was holding a bottle of perfume sold by Sears for $62.50; he also had a plastic bag containing an identical bottle of perfume and a thermostat sold by Sears for $54.99. Tallent had no wallet, no identification, no money, no credit cards, and no receipt for the items in his possession. The security guards arrested Tallent and summoned the Anchorage police. Tallent was subsequently indicted for second-degree theft, based on his prior theft convictions.

Before his trial began, Tallent asked the court to prohibit the State from introducing evidence of his prior theft convictions. Tallent argued that he would be unduly prejudiced if the jury learned that he had previously been convicted of theft. He offered to concede the existence of the prior convictions.

The prosecutor replied that he did not oppose resolving the issue of Tallent's prior convictions by stipulation, but he did oppose Tallent's proposal to withhold this issue from the jury. The prosecutor argued that Tallent's prior theft convictions were an element of the offense, a factual issue that the State was obliged to prove beyond a reasonable doubt to the jury. The prosecutor feared that if this issue was withheld from the jury, any resulting verdict would be defective.

The trial judge, Superior Court Judge Larry D. Card, acknowledged that evidence of Tallent's prior theft convictions might prejudice the jury's consideration of the current theft charge. He inquired if Tallent had considered waiving a jury altogether and having the case tried to the court. Tallent's attorney indicated that Tallent was not willing to waive jury trial.

Judge Card then ruled that the jury would have to decide the issue of Tallent's prior theft convictions. The judge based this ruling on his conclusion that prior theft convictions are an element of second-degree theft under AS 11.46.130(a)(6), and on the further conclusion that, in a criminal jury trial, the law requires the jury to decide each and every element of the offense.

Nevertheless, in order to minimize the prejudice that would otherwise result if the state presented the prior thefts in fuller detail, Judge Card suggested that the parties draft a stipulation regarding the prior convictions. The court took a short recess, and the parties returned with an almost-completed stipulation. The sole point of contention was that Tallent wanted the stipulation to refer to his prior convictions only by statute number, leaving out any mention of the word "theft". Judge Card denied this request. The judge anticipated that a statute-number reference would leave the jury speculating as to the nature of Tallent's convictions; he concluded that the jury should be told the relevant

information—that Tallent's prior crimes were thefts.

The stipulation, as finally drafted and read to the jury, stated:

1) That the defendant, Paul Tallent was convicted and sentenced on 20 June 1994 in case 3AN–S94–3635 of the crime of theft in the third degree in violation of AS 11.46.140(a)(1) before Judge Michael Wolverton in Anchorage District Court.

2) That the defendant, Paul Tallent was convicted and sentenced on 15 November 1994 in case 3AN–S94–8427 of the crime of theft in the third degree in violation of AS 11.46.140(a)(1) before Judge Sigurd E. Murphy in Anchorage District Court.

3) That Judgements of Conviction were entered in both cases, and those convictions have not been modified by any subsequent set-aside or motion for post-conviction relief.

In order to mitigate the prejudice of this information and to encourage the jury to use this information only for the purpose of establishing the "prior convictions" element of the offense, Judge Card instructed the jury that Tallent's prior convictions were not to be considered evidence of his propensity to commit theft. Instead, Judge Card admonished the jury to focus their attention on whether the State had proved beyond a reasonable doubt that Tallent had committed the current offense (the theft from Sears alleged to have occurred on October 31, 1995).

The jury found Tallent guilty, and this appeal followed.

*Prior theft convictions are an element of second-degree theft under AS 11.46.130(a)(6)*

■ Tallent first argues that his jury should not have heard any evidence concerning his prior convictions because the existence of prior convictions is not an element of the offense of second-degree theft under AS 11.46.130(a)(6).[1] Tallent asserts that AS

1. AS 11.46.130(a)(6) declares that a person commits theft in the second degree if the person commits theft of property valued at between $50 and $500 "and within the preceding five years the person has been convicted and sentenced on two or more separate occasions in [Alaska] or another jurisdiction of[:]

(A) AS 11.46.120 [*i.e., first-degree theft*] or an offense under another law or ordinance with similar elements;

(B) a crime set out in this subsection [*i.e., second-degree theft*] or an offense under another law or ordinance with similar elements;

11.46.130(a)(6) does not define the substantive offense of second-degree theft; instead, Tallent argues, the statute is a penalty-enhancement provision for repeat offenders convicted of third-degree theft. If Tallent is correct, then the existence of Tallent's prior convictions would be relevant only for purposes of sentencing, and it would be error to allow the jury to decide this issue.

Subsection 130(a)(6) was enacted as part of SLA 1988, ch. 133. This session law added subsections to the first-degree, second-degree, and third-degree theft statutes. In general terms, each new subsection declared that a defendant who committed theft for the third time in five years was now guilty of the next higher degree of theft. That is, a repeat second-degree theft offender would be guilty of first-degree theft, a repeat third-degree theft offender would be guilty of second-degree theft, and a repeat fourth-degree theft offender would be guilty of third-degree theft. See SLA 1988, ch. 133, §§ 1–3.

The language and structure of AS 11.46.130(a)(6) contradict Tallent's assertion that his prior convictions serve merely to enhance the penalty for what was really a third-degree theft. The statutory language, and its placement as a subpart of AS 11.46.130(a), plainly suggest that an offender who steals between $50 and $500 for the third time in five years commits theft in the second degree, and that the defendant's prior convictions constitute one element of this offense.

■ Alaska does not enforce the traditional "plain meaning" rule of statutory construction (the rule that, if the wording of a statute is "plain", then courts will look no further to determine the legislature's intention). However, when the wording of a statute is apparently clear, a litigant like Tallent who argues for a different construction of the statute bears a heavy burden of demonstrating that the legislature intended something different from what the words would normally mean. *Peninsula Marketing Assn. v. State*, 817

P.2d 917, 922 (Alaska 1991); *Helton v. State*, 778 P.2d 1156, 1158 (Alaska App.1989).

The legislative history of SLA 1988, ch. 133 provides some support for Tallent's construction of the statute. The legislature described SLA 1988, ch. 133 as "An Act increasing the penalties for repeat convictions for the crimes of theft and concealment of merchandise". Tallent points out that, during its journey through the legislature as House Bill 461, people sometimes referred to the new law as a penalty provision. For example, in his fiscal note to the House Judiciary Committee, Legislative Counsel Jack Chenowith described HB 461 as "primarily a sentencing bill". *See* 1988 House Fiscal Notes at 414.

However, returning to the language of the act itself, we conclude that the newly-enacted subsections were not merely penalty provisions. As amended by SLA 1988, ch. 133, the second-degree theft statute, AS 11.46.130(a), declared that a person committed the offense of second-degree theft if the person committed theft and:

(1) the value of the property or services [was] $500 or more but less than $25,000;

(2) the property [was] a firearm or explosive;

(3) the property [was] taken from the person of another; or

(4) the value of the property [was] $50 or more but less than $500 and within the preceding five years the person [had] been convicted and sentenced on two or more separate occasions in this or another jurisdiction of [theft in at least the third degree, or felony concealment of merchandise].

This court construed a similarly worded statute in *Morgan v. State*, 661 P.2d 1102 (Alaska App.1983). The statute at issue in *Morgan* was former AS 4.16.200(b), which made bootlegging (sale of liquor without a license) a felony offense under certain conditions. One of those conditions was that the

(C) AS 11.46.140(a)(1) or (2) [*i.e., third-degree theft committed by stealing property valued at between $50 and $500, or by stealing a credit card*], or an offense under another law or ordinance with similar elements; or

(D) AS 11.46.220(c)(1) or (c)(2)(A) [*i.e., concealment of merchandise if the merchandise is a firearm or is valued at $50 or more*], or an offense under another law or ordinance with similar elements."

defendant had previously been convicted of bootlegging.[2]

Morgan was charged with felony bootlegging under this provision. However, because the State viewed Morgan's prior conviction as a sentence-enhancement factor rather than an element of the offense, the State drafted an indictment that did not include any allegation concerning Morgan's prior conviction, and the State presented no evidence of the prior conviction to the grand jury. *Morgan*, 661 P.2d at 1103. Morgan attacked the indictment on this basis, but the trial judge agreed with the State that Morgan's prior conviction was not an element of the offense. *Id.* Later, at trial, Morgan asked to have the jury determine the existence of his prior conviction. The trial judge rejected Morgan's request and decided the prior conviction issue himself. *Id.*

On appeal, this court held that AS 4.16.200(b) created the substantive offense of felony bootlegging, with the existence of a prior conviction constituting one element of that offense. *Id.* Because a defendant is entitled to have the grand jury and the petit jury decide all essential elements of the charged offense, this court held that Morgan's trial judge should have dismissed the indictment, and that the judge later erred "in not permitting the trial jury to decide whether the state had proved beyond a reasonable doubt the prior conviction element of this offense." *Id.* We noted that the structure of the statute indicated the legislature's intention to create a separate felony offense. *Id.* Moreover, to the extent that the wording of the statute might be ambiguous on this point, we expressed our hesitancy to construe a penal statute so as to deny a defendant the right to grand jury and petit jury determination of all essential factual issues. *Id.* at 1104.

▮ *Morgan* established a rule of construction for statutes that increase the degree of a criminal offense based on the defendant's prior convictions. After *Morgan*, such a statute will be interpreted to create a separate substantive offense, and the defendant's

prior convictions will be construed as an element of that offense, unless the legislature clearly indicates a contrary intention.

*Morgan* was decided in 1983, five years before the legislature passed SLA 1988, ch. 133. The language of the new theft provisions enacted in SLA 1988, ch. 133 parallels the language of the bootlegging statute construed in *Morgan*. Pursuant to *Morgan*, we presume that the new theft provisions were designed to create new substantive offenses, with prior convictions being one element of the offense.

True, the legislative history shows that at least some of the people involved in the legislative process viewed the statute as a "sentencing" provision. However, this view is not reflected in the language of the statute itself. We note that the legislature has in the past drafted statutes that clearly call for enhanced penalties depending on a defendant's prior record. See, for example, the felony sentencing provisions of AS 12.55.125 and the driving while intoxicated statutes, AS 28.35.030(b) and AS 28.35.030(n). The second-degree theft statute, on the other hand, gives no indication that the legislature viewed a defendant's prior convictions as merely penalty-enhancing.

▮ We therefore conclude that AS 11.46.130(a)(6) defines a separate method of committing the substantive crime of second-degree theft, and that a defendant's prior convictions are an essential element of that crime. To charge a defendant with second-degree theft under this subsection, those offenses must be alleged in the indictment and proved to the grand jury; to prove the defendant guilty at trial, the State must prove those prior convictions beyond a reasonable doubt to the trier of fact.

*Does a trial judge have the authority to withhold this element of the crime from the jury?*

Tallent argues in the alternative that, even though his prior theft convictions are an element of second-degree theft under subsec-

---

2. Under former AS 4.16.200(b)(1), a person who sold liquor without a license in a local-option area was "guilty of a class C felony ... if [the person] ha[d] previously been convicted of a violation of AS 4.11.010" [*i.e.*, convicted of selling liquor without a license].

tion 130(a)(6), Judge Card nevertheless had the authority to exclude all evidence of those convictions from Tallent's trial, and to decide this element himself rather than submitting the issue to the jury.

As explained above, Tallent urged Judge Card to pursue this course. He pointed out that the jury's consideration of his guilt could be unfairly influenced by evidence that he had committed theft twice before.

(To further induce Judge Card to withhold this issue from the jury, Tallent offered to stipulate that he had the requisite prior convictions. Logically, however, it makes little difference whether a defendant is willing to stipulate to the prior convictions or instead wishes to contest them. The point of Tallent's argument is that when a defendant is on trial for theft under a repeat offender provision, the jury will be unfairly prejudiced by evidence of the defendant's prior theft convictions. If the jury is the trier of fact on this issue, the same type of danger is present whether the evidence of prior convictions comes in by stipulation or through the normal litigation process. Conversely, if fairness requires the judge to be the trier of fact on the issue of prior convictions, the fairness of this procedure does not hinge on whether the defendant is willing to stipulate to the prior convictions or instead wishes to contest them.)

Judge Card denied Tallent's request; the judge concluded that he had no authority to keep the issue from the jury because the existence of the prior convictions was an element of the offense. On appeal, Tallent asserts even if prior convictions are an element of the offense, Judge Card nevertheless had the power to withhold that issue from the jury if the judge concluded that evidence of the prior convictions would be more prejudicial than probative.

The question Tallent raises has no ready answer under Alaska law. In *State v. McLaughlin*, 860 P.2d 1270 (Alaska App. 1993), this court addressed a similar question: whether, when a defendant is prosecuted for being a felon in possession of a concealable firearm, the trial judge is authorized to exclude all evidence of the defendant's prior felony conviction and keep this issue

from the jury. We held that a trial judge can not do this. But in a footnote, we recognized that the result might be different if the defendant's conduct would be unlawful even in the absence of prior convictions:

> We ... note that our decision addresses only the specific circumstances of this case, in which the charged offense consists of conduct that is ordinarily lawful [and] is rendered unlawful only because of the defendant's prior conviction of a felony. By contrast, other types of crimes that include the existence of a prior felony conviction as an element deal with conduct that is already independently unlawful; in such cases, the prior-conviction element serves only to enhance the seriousness of the offense. *See, e.g., Morgan v. State*, 661 P.2d 1102, 1103–04 (Alaska App.1983) (unlicensed sale of alcohol in a local option area, normally a class A misdemeanor, becomes a class C felony when the defendant has previously been convicted of a similar offense).
>
> In this latter type of case, failing to inform the jury of the prior-conviction element arguably entails few of the problems presented in the former type of case; consequently, a strong argument might be made for a significantly broader range of trial court discretion. *See Azzarella v. State*, 703 P.2d 1182, 1188 (Alaska App. 1985). The facts of this case do not require us to decide the issue.

*McLaughlin*, 860 P.2d at 1278 n. 15.

Despite the fact that the *McLaughlin* footnote expressly disavowed any intention of "decid[ing] the issue", Tallent's brief to this court all but assumes that the *McLaughlin* footnote is a directive to trial judges to withhold the issue of prior convictions from the jury in cases like his—cases where the defendant's conduct on the current occasion would be criminal even without reference to the prior convictions. This is reading too much into the footnote. We left the issue undecided in *McLaughlin* because, even though evidence of prior convictions will often create a danger of unfair prejudice, other legal aspects of the situation point toward leaving the issue with the jury.

For instance, Tallent's primary argument is that a trial judge is authorized to exclude evidence of the defendant's prior crimes whenever "the existence of [the] prior crime[s] only enhance[s] the seriousness of the current charge, and the [defendant's] conduct [on the current occasion is] independently unlawful." No Alaska case has explicitly recognized such authority in a trial judge. Moreover, one might reasonably question the premise underlying Tallent's argument.

Criminal offenses often require proof of facts that can potentially sway the emotions of jurors or lead them to return a verdict based on improper considerations. For instance, under AS 11.41.500(a)(3), unarmed robbery becomes robbery in the first-degree if the robber causes serious physical injury to any person. Depending upon the severity of the injury (if, for example, the victim was maimed or permanently disfigured), such evidence might conceivably lead the jury to decide the case based on outrage at the injury suffered by the victim, rather than demanding that the government meet its full burden of proof. Tallent's argument implies that a defendant who is prosecuted for first-degree robbery under 500(a)(3) should be able to stipulate to the victim's injury and then demand that the trial judge (1) bar the government from introducing any evidence of the injury and (2) withhold the issue of serious physical injury from the jury. Since robbery is a crime whether or not the robber inflicts injury, the defendant's infliction of serious physical injury "only enhances the seriousness of ... conduct [that is] independently unlawful". Under Tallent's reasoning, the trial judge could confine the jury to deciding whether the defendant committed second-degree robbery. However, we are aware of no legal authority to support this outcome.

Tallent suggests that this court's decision in *Morgan v. State*, 661 P.2d 1102, *supra*, supports his argument. As explained above, *Morgan* dealt with the crime of felony bootlegging; this court held that a defendant's prior bootlegging conviction was an element of the offense, and the State would have to prove the prior conviction at trial. This court then added the following footnote, 661 P.2d at 1104 n. 4:

> We recognize that some defendants ... will not desire to have the state prove their prior conviction at trial. These defendants have the option of stipulating to the conviction. *Mead v. State*, 445 P.2d 229, 234 (Alaska 1968), *cert. denied*, 396 U.S. 855, 90 S.Ct. 117, 24 L.Ed.2d 104 (1969).

Tallent interprets this footnote as indicating approval of his suggestion that a defendant can stipulate to prior convictions and ask to have this issue withheld from the jury.

However, the fact that a defendant's prior convictions might be proved by stipulation (rather than through the introduction of testimony and/or documents) does not resolve the question of whether the jury or the trial judge will be the trier of fact on the issue of the prior convictions. If anything, the *Morgan* footnote suggests that the jury should remain the trier of fact even when the defendant is willing to stipulate to the prior convictions. The *Morgan* footnote cites the Alaska Supreme Court's decision in *Mead*, where the defendant was tried for being a felon in possession of a concealable firearm. The parties in *Mead* stipulated that the defendant had previously been convicted of a felony. However, this stipulation was given to the jury, and the jury remained the trier of fact on the issue of the defendant's prior conviction. *Mead*, 445 P.2d at 234.

Tallent suggests, for the first time on appeal, that a defendant might waive his or her right to jury trial on this one element and consent to have the trial judge decide the question of the prior convictions. This issue is not preserved for appeal; Tallent did not offer such a waiver in the trial court.

Moreover, Tallent's suggestion raises yet another unresolved issue: whether the State has a right to insist on a jury determination of all the elements of the crime, even when the defendant wishes to waive jury trial on one or more elements. Alaska Criminal Rule 23(a) states: "Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the state." In *Horton v. State*, 758 P.2d 628, 630 (Alaska App.1988), this court held that, under Crimi-

nal Rule 23(a), a defendant can not waive jury trial unless the State agrees. *Horton* suggested that "there might be some cases where requiring the defendant to undergo a jury trial might result in denying the defendant the right to an impartial trial", and that Alaska Criminal Rule 53 might provide the trial judge with authority to relax Rule 23(a) "where necessary to advance justice". However, the *Horton* decision merely recognized the issue; it did not resolve it.

■ Having catalogued the issues raised by Tallent's argument, we conclude that we need not resolve all of them. When Tallent asked Judge Card to exclude all evidence of his prior theft convictions, he did not discuss all of these potential legal problems. He merely asserted that *Morgan* authorized a trial judge to withhold a defendant's prior convictions from the jury. After Judge Card ruled (correctly) that Tallent's prior convictions were an element of the offense, Tallent's request boiled down to essentially one legal issue: whether Judge Card had the authority to decide the prior convictions element himself and bar the jury from considering this element or hearing any evidence concerning it.

As we have just explained, *Morgan* does not resolve this issue. If anything, the *Morgan* footnote suggests, by its citation to *Mead,* that even when a defendant stipulates to the existence of prior convictions, the issue remains with the jury. On this record, and given the fact that Tallent never indicated that he was willing to waive jury trial, Judge Card did not abuse his discretion when he rejected Tallent's reading of *Morgan* and concluded that all the elements of the offense needed to be decided by the jury. Further, under these circumstances, we can not say that Judge Card abused his discretion when he followed a course similar to the one approved by the supreme court in *Mead*—(1) having the jury decide the issue of the prior convictions, but (2) limiting proof of the prior convictions to a bare-bones stipulation, and (3) specifically instructing the jury that the defendant's prior convictions were not to be taken as evidence of his propensity to commit theft, and that the real issue in the case was whether the defendant committed the currently charged theft.

■ Tallent questions Judge Card's decision to refer to the prior convictions as "thefts". He argues that the judge should have allowed the stipulation to track the language of the second-degree theft statute—so that it would merely tell the jury that Tallent had twice previously been convicted of violating "AS 11.46.140(a)(1) or (2), or an offense under another law or ordinance with similar elements".

We agree with Judge Card that an unexplained reference to a statute number "[wouldn't] tell the jury anything", and that it was better to be straightforward in this matter. An unexplained statutory reference might have encouraged the jurors to engage in speculation as to what crimes Tallent had committed in the past to make his current offense more serious. At best, Tallent might hope that the more knowledgeable jurors would discern that his past crimes must have been theft-related. At worst, the jurors might conclude that Tallent had committed more serious crimes. Judge Card did not abuse his discretion when he ruled that the stipulation should speak of "theft" rather than merely reciting statute numbers.

*Conclusion*

We hold that a defendant's prior theft convictions are an element of second-degree theft under AS 11.46.130(a)(6). We further hold that, under the facts of this case, Judge Card did not abuse his discretion when he ruled (1) that the jury should decide this issue and (2) that Tallent's prior thefts should be proved by stipulation, coupled with a cautionary instruction regarding the limited relevance of the prior convictions. For this reason, the judgement of the superior court is AFFIRMED. However, we wish to emphasize certain aspects of our decision.

First, the issue presented in Tallent's case does not arise if a defendant's prior convictions are relevant for some purpose other than to establish the "prior convictions" element of first-, second-, or third-degree theft. If the defendant's prior convictions are relevant for some other purpose, *see* Alaska Evi-

dence Rule 404(b), and if the trial judge concludes that the probative value of this evidence is not outweighed by the danger of unfair prejudice, *see* Alaska Evidence Rule 403, then the jury can of course hear evidence of the prior convictions. The problem we address here arises only in cases like Tallent's, where the prior convictions have no relevance other than to prove the "prior convictions" element of the crime.

Second, we do not hold that the stipulation used in Tallent's case is the only correct method for dealing with the issue of the defendant's prior convictions in such cases. Nor do we hold that it is the best method. We hold only that it is a permissible method, and that it was a fair method under the facts of Tallent's case.

We again note that a defendant's willingness to stipulate to prior convictions does not answer the question of who will be the trier of fact on this element of the crime. Criminal cases are tried to a jury unless the defendant waives the right to jury trial and the government likewise consents to have the case tried to the court. In a jury trial, even when the parties reach a stipulation concerning the defendant's prior convictions, the stipulation will be presented to the jury, and the jury will decide the prior convictions element.

It is possible that a defendant might offer to waive the right to jury trial on the prior convictions element of the offense. This waiver could not be made through counsel; it would have to be made by the defendant personally. *See McGlauflin v. State,* 857 P.2d 366, 368–69 (Alaska App.1993). If the defendant waives jury trial on the prior con-

victions element, and if the State is likewise willing to have the trial judge decide this element, then we see no reason why this element should not be tried to the court. If, however, the State is not also willing to waive jury trial on the element of the defendant's prior convictions, then the defendant's offer to waive jury trial would raise another unresolved question: whether a defendant can unilaterally waive jury trial on one or more elements of a criminal charge. *See* Alaska Criminal Rule 23(a); *Horton v. State,* 758 P.2d 628, *supra.*

Another way of dealing with this problem—one that we recommend to judges in the future—is to bifurcate the trial. In a bifurcated trial, the jury would first decide whether the defendant was guilty of theft on the date specified in the indictment; if the jury found the defendant guilty, the same jury would then decide the issue of the defendant's prior convictions. This solution would preserve both parties' right to a jury determination of all issues, while at the same time avoiding the potential for unfair prejudice that would otherwise be posed by evidence of the defendant's prior convictions. Moreover, this solution works equally well regardless of whether the defendant is willing to stipulate to the prior convictions or wishes to contest them.