**Kipton VEEDER, Appellant,**

v.

**MUNICIPALITY OF ANCHORAGE, Appellee.**

No. A–6413.

Court of Appeals of Alaska.

Dec. 18, 1998.

Jason A. Steen, Gorton & Associates, Anchorage, for Appellant.

Carmen E. ClarkWeeks, Assistant Municipal Prosecutor, and Mary K. Hughes, Municipal Attorney, Anchorage, for Appellee.

Before COATS, C.J., and MANNHEIMER and STEWART, JJ.

STEWART, Judge.

## OPINION

Kipton Veeder had his probation revoked following a hearing on September 26, 1996. He appeals, claiming that it was error for the judge to admit hearsay evidence during the revocation hearing, and that the Municipality failed to establish the veracity of its unavailable witness. We affirm.

### Facts and proceedings

Veeder, who was on probation for previous offenses, was charged with committing a domestic violence assault on July 6, 1996. With this charge pending, the Municipality filed to revoke Veeder's probation. The trial for the criminal case was set for September 26, 1996; because the same facts were used as the basis for the petition to revoke, the revocation hearing was also set for September 26, 1996. The victim in the criminal case, who was subpoenaed, failed to appear, so the Municipality did not proceed with the criminal case. Although the Municipality had received a warrant to secure the victim's appearance, it decided to proceed on the revocation case without her because there was no indication that she would be found in the near future.

Veeder objected to the court's admitting the victim's statements in evidence, arguing that it was inadmissible hearsay. The court ruled that under Evidence Rule 101(c)(2), the "hearsay statements of the victim ... would be admissible" in the probation revocation proceedings. The Municipality also introduced testimony from two police officers and introduced six photographs. Veeder presented no evidence.

After the parties argued, the judge revoked Veeder's probation. Veeder now appeals, primarily asserting that Alaska Evidence Rule 101(c)(2) does not apply to misdemeanor revocation hearings.

### Discussion

Veeder contends that Evidence Rule 101(c)(2) does not apply to misdemeanor revocation proceedings because the commentary to the rule states that "[t]he rules of evidence have not been regarded as applicable to sentencing or probation proceedings, where great reliance is placed upon the presentence investigation and report." [1] Veeder claims that the commentary only describes, and therefore only applies to, felony probation proceedings because presentence reports are not supplied, requested or required in misdemeanor cases. We find Veeder's claim meritless.

Evidence Rule 101(c)(2) provides that the evidence rules are not applicable to:

> Proceedings relating to extradition or rendition; sentencing, probation, or parole; issuance of criminal summonses, or of warrants for arrest or search; and summary contempt.

This language is clear and unambiguous, and Veeder bears the heavy burden of demonstrating a contrary intent. [2] Veeder's citation to the rules commentary, his sole evidence of contrary intent, does not demonstrate that Rule 101(c)(2) does not apply to misdemeanor cases.

Moreover, under Evidence Rule 101(a), the Alaska Rules of Evidence apply in all proceedings in the courts of the State of Alaska, except as otherwise required by the state or federal constitutions, or provided for by enactment of the state legislature, by some provision of Rule 101, or by other rules promulgated by the Alaska Supreme Court. Therefore, Rule 101(c)(2) applies to proceedings in district courts. [3] Other than his reli-

---

1. Commentary to Alaska Evidence Rule 101(c)(2).

2. See *Sonneman v. Knight*, 790 P.2d 702, 707 (Alaska 1990); *Ward v. State*, 758 P.2d 87, 89–90 n. 5 (Alaska 1988). *See also Tallent v. State*, 951 P.2d 857, 860 (Alaska App.1997) (citations omitted).

3. District courts are courts of limited jurisdiction, and do not hear felony cases. AS 22.15.060 provides in part that:
   (a) The district court has jurisdiction

ance on the statement in the rules commentary, Veeder has not cited any authority or rule that would, under Rule 101(a), make subsection (c)(2) inapplicable to proceedings in district courts. Under Veeder's interpretation of the commentary, Rule 101(c)(2) would never apply to revocation proceedings in the district court, despite the clear and unambiguous language of Rule 101(a), simply because district courts do not have jurisdiction over felonies. We reject this interpretation.

 We conclude that Evidence Rule 101(c)(2) applies to proceedings relating to probation revocation in misdemeanor cases. We further conclude that Judge Olson did not err in ruling that the rules prohibiting hearsay did not apply in Veeder's probation revocation hearing and did not err in admitting the victim's statements during the hearing.

Finally, Veeder contends that, under *Hamilton v. State,*[4] the Municipality did not establish the veracity of the unavailable witness. Even assuming that *Hamilton* applies here, Veeder never testified, so the prosecution's obligation to establish the declarant's veracity was not triggered.[5]

*Conclusion*

We AFFIRM the judgment of the district court.

---

(1) of the following crimes:
(A) a misdemeanor, unless otherwise provided in this chapter;
(B) a violation of an ordinance of a political subdivision;
(C) a violation of AS 04.16.050 or AS 11.76.105;
(2) to provide post-conviction relief under the Alaska Rules of Criminal Procedure, if the conviction occurred in the district court.

(b) Insofar as the criminal jurisdiction of the district courts and the superior court is the same, such jurisdiction is concurrent.

**4.** 771 P.2d 1358 (Alaska App.1989).

**5.** *See id.* at 1363.