Edward S. YAKO, Appellant,

v.

STATE of Alaska, Appellee.

No. A–10858.

Court of Appeals of Alaska.

Jan. 24, 2014.

Kelly R. Taylor, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant.

Eric A. Ringsmuth, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for the Appellee.

Before: MANNHEIMER, Chief Judge, ALLARD, Judge, and E. SMITH, Superior Court Judge *.

*OPINION*

Judge MANNHEIMER.

Edward S. Yako was convicted of bootlegging—*i.e.*, selling alcoholic beverages without a license—in Bethel. The issue presented in this appeal is whether Yako should be convicted of a felony or a misdemeanor.

The unlicensed sale of alcoholic beverages is normally a class A misdemeanor. *See* AS 04.16.200(a). However, the offense is a class C felony if the State proves that it occurred in a "local option" community—that is, in a community which has voted to ban or restrict the sale, importation, and/or possession of alcoholic beverages pursuant to one of the provisions of AS 04.11.491. *See* AS 04.16.200(b).

(See also *Morgan v. State*, 661 P.2d 1102, 1102–03 (Alaska App.1983), where this Court held that the provisions of AS 04.16.200(b) are not merely factors that can enhance a defendant's sentence; rather, AS 04.16.200(b) defines the separate substantive offense of felony bootlegging.)

Yako committed his offense in April 2009. At that time, Bethel was a "dry" community; that is, Bethel had exercised its local option under AS 04.11.491(a)(1) to ban the sale of alcoholic beverages. Accordingly, Yako was indicted for a felony.

But in October 2009, while Yako's case was still pending in the superior court, the voters of Bethel repealed the local ban on the sale of alcohol.[1] The voters' decision became ef-

---

\* Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

1. *See* http://www.cityofbethel.org. (Follow "City Council" to "Council Legislation", then to "Res-

olutions"; select "2009 Resolutions", then follow "Res 09–40 Certifying the Results of The October 6, 2009 Regular City Election").

fective on November 1, 2009 (the first day of the month following the certification of the local election).[2] Yako was tried (and found guilty) in early February 2010.

At his trial, and later at his sentencing in September 2010, Yako did not dispute that his offense was a felony—*i.e.*, that the severity of his offense should be judged according to the state of the law in Bethel at the time of his offense. And Yako received a felony-level sentence: 60 months' imprisonment with 20 months suspended.

But in March 2012, after Yako was sentenced for a probation violation, he filed a motion in the superior court seeking immediate release from prison. In this motion, Yako argued that his offense should have been treated as a misdemeanor because of the intervening change in Bethel law.

The superior court did not vacate Yako's felony judgement. However, the court released Yako from further correctional supervision—by modifying Yako's sentence to time served, and by terminating his probation.[3]

In this appeal, Yako argues that the superior court should have vacated his felony judgement, and should have convicted him of a misdemeanor instead, because Bethel repealed its local ban on the sale of alcohol before Yako was tried or sentenced for bootlegging.

Yako argues that his case should be treated as an instance where a defendant is charged with violating a criminal statute, and then the statute is repealed before the defendant is convicted. But the statutes that Yako was convicted of violating—AS 04.11.010 and AS 04.16.200(b)—have not been repealed; they are still in effect. The first of these statutes forbids bootlegging, and the second statute makes the offense a felony if the bootlegging occurs in a local option community.

Yako does not challenge the fact that he engaged in bootlegging, but he claims that it is unfair to punish him for a felony (rather than a misdemeanor) now that the citizens of Bethel have changed their mind about the local sale of alcoholic beverages.

There is some force to Yako's equitable argument—but the superior court has already acknowledged that Yako's circumstances call for leniency: the court released Yako from the remainder of his sentence. The real question is whether Yako is entitled to have his felony conviction erased—or, rather, have it converted to a misdemeanor conviction.

Yako's case is analogous to the situation where a defendant violates a statute that makes it illegal to hunt or fish using a certain type of gear that is prohibited by regulation—and then, after the defendant commits this offense, the Department of Fish and Game decides to amend the pertinent regulation to allow the defendant's type of gear. In both Yako's case and this hypothetical situation, the state legislature has enacted a statute which declares that people must obey the rules promulgated by a lower level of government—in Yako's case, the ordinances of the city of Bethel, and in the hypothetical case, the regulations promulgated by an administrative agency. And in both instances, (1) the defendant's conduct violated the statute at the time, and (2) the statute remains in effect, unrepealed and unamended, but (3) the underlying ordinance or regulation has changed.

Because Yako's conduct violated a state statute, the ultimate issue here is whether the *Alaska Legislature* would wish to see Yako's case pursued or, instead, dropped due to the intervening change in Bethel's municipal law. This is a matter of *state* government policy, not local government policy.

While the City of Bethel might not have a particular interest in continuing to enforce its former prohibition on the sale of alcohol, the state government's interest is broader—for the state statutes at issue here are part of a legislative framework for recognizing and enforcing the local option decisions of *all* Alaska communities. The Legislature has an independent interest in maintaining the uniformity and predictability of the law relating

---

**2.** *See* AS 04.11.495(a).

**3.** *See* "Order on Motion to Modify Sentence" dated April 1, 2012, in *State of Alaska v. Edward S. Yako,* File No. 4BE–09–0622 CR.

to the possession and sale of alcoholic beverages throughout the state, to the extent that uniformity and predictability is consistent with the Legislature's policy of allowing local communities to exercise the options listed in AS 04.11.491.

One indication of the Legislature's wishes in this matter is the wording of AS 04.11.495, the statute that deals with a community's repeal of a local restriction on the possession or sale of alcoholic beverages. Under subsection (a) of this statute, the repeal does not take effect immediately upon the certification of the local election, but rather "[on] the first day of the month following [that] certification". The fact that the statute mandates this transition period, with the results of the election not taking effect until a future date, is difficult to reconcile with the claim that the Legislature would view the change in the local law as automatically excusing all past infractions.

We also note that Yako's case is not analogous to past cases involving situations where the Legislature has reduced the penalty for a particular offense, and where the question presented on appeal is whether defendants whose criminal acts pre-date the change in the law should receive the benefit of the new, reduced penalty.[4] There has been no change in the penalties for either the misdemeanor offense of typical (or non-aggravated) boot-

legging or the felony offense of bootlegging in a local option community.

Thus, Yako is not arguing that he should receive the benefit of a newly reduced penalty for the offense of bootlegging in a local option community. Rather, Yako is arguing that he should receive the lesser penalty for a different crime that he did not commit: the offense of bootlegging *outside* a local option community.

When we analyze Yako's case in this fashion, we conclude that the Legislature would not view the result of Bethel's local election—Bethel's decision to allow the sale of alcohol by properly licensed liquor stores—as a justification for reducing the level of offense that Yako committed.

Accordingly, we conclude that no modification of the superior court's judgement is required. Yako was, and remains, properly convicted of a felony offense.

The judgement of the superior court is AFFIRMED.

---

4. *See, e.g., State v. Stafford,* 129 P.3d 927 (Alaska App.2006).